E-FILED
Monday, 07 January, 2019  02:43:12 PM
Clerk, U.S. District Court, ILCD

# GROUP EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **GABRIEL GONZÁLEZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Judge Myerscough** |
| | ) | |
| **v.** | ) | |
| | ) | **No. 3:18-cv-03044** |
| **JBS LIVE PORK, LLC; JBS USA,** | ) | |
| **LLC; and SWIFT PORK COMPANY,** | ) | |
| | ) | **JURY DEMANDED** |
| **Defendants.** | ) | |

### PLAINTIFF GABRIEL GONZALEZ'S FIRST SET OF REQUESTS TO PRODUCE TO DEFENDANT SWIFT PORK COMPANY

Plaintiff Gabriel Gonzalez, by his attorneys, propounds the following Requests to Produce to Defendant Swift Pork Company, in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure.

### DEFINITIONS

A.  "Defendant" refers to Swift Pork Company, including all its departments and its predecessors, successors, officers, directors, employees, and agents.

B.  "Plaintiff" means Gabriel Gonzalez.

C.  "Document" and "documents" mean any and all written, printed or computer-related words, data or information, including, but not limited to, any writing or recording of any type or description, whether written, printed or recorded (mechanically or electronically), or reproduced by hand, and whether or not produced or created by Plaintiff or Defendant, including, but not limited to, all letters; correspondence; electronic mails; telegrams; memoranda; notes; records; reports; financial statements; statistical and financial records; minutes; telephone or personal conversations or conferences or other communications; envelopes; interoffice, intra-office or

1

intracompany communications; CD-ROM, DVD, microfilm; microfiche; tape recordings; videotapes; photographs; bulletins; studies; plans; analyses; notices; computer records, programs or software; books; pamphlets; illustrations; lists; forecasts; brochures; periodicals; charts; graphs; indices; bills; statements; files; agreements; contracts; completed forms; schedules; work sheets; data compilations; policies; amendments to policies or contracts; calendars; diaries; test results; reports; notebooks; opinions or reports of consultants; and any other written, printed, typed, recorded, or graphic matter, of any nature, however produced or reproduced, including copies and drafts of such documents, and any and all handwritten notes or notations thereon in whatever form. The term "documents" also includes all data or documentation that is stored in a computer or other storage device and can be printed on paper or tape, such as drafts of documents that are stored in a computer or word processor and information that has been placed into a computer or other storage device, as well as disks or other materials in which the data or documentation is found.

If a document has been prepared in several copies, or additional copies have been made and the copies are not identical, (or by reason of subsequent modifications of the copy by additional material or notations, or other modifications, are no longer identical) each non-identical copy is a separate "document."

## INSTRUCTIONS

A. Wherever appropriate, the singular form of a word should be interpreted as plural. The masculine gender embraces the feminine. "And" as well as "or" shall be construed either as disjunctively or conjunctively as necessary to bring within the scope of the request any information which might otherwise be construed to be outside its scope.

B. If you object to the basis of privilege or work product, submit a list:

2

1. Stating the nature of any privilege or protection claimed as to each responsive

   documents;

2. Identifying each document as to:

   1. Form (i.e. letter, memorandum, etc.), including the title of the
      document, if any;
   2. Date;
   3. Author;
   4. Signatory or signatories;
   5. Recipient(s); and
   6. General subject matter.

C.  Each request to produce calls not only for Defendant's knowledge, but also for all

knowledge that is available to Defendant through reasonable inquiry, including inquiry of

Defendant's employees, agents and representatives.

D.  If responsive information appears on one page or more pages of a multi-page documents,

you are directed to produce the entire document.

E.  Unless another period is specified, your responses should cover the period of **January 1,**

**2015 to the present** ("relevant period of time").

## REQUEST TO PRODUCE

**Request to Produce No. 1:**

A copy of the articles of incorporation of Defendant Swift Pork Company.

**Request to Produce No. 2:**

A copy of the corporate bylaws of Defendant Swift Pork Company.

**Request to Produce No. 3:**

A copy of Defendant Swift Pork Company's organizational structure.

3

**Request to Produce No. 4:**

Any and all documents, including personnel policies, personnel handbooks, memorandum which refer to Defendant Swift Pork Company's policies, including but not limited to, medical leave policies.

**Request to Produce No. 5:**

Any and all documents, including personnel policies, personnel handbooks, memorandum which refer to company policies, including but not limited to, medical leave policies used at the 8295 Arenzville Road, Beardstown, IL 62618 facility.

**Request to Produce No. 6:**

The personnel file for Plaintiff Gabriel Gonzalez.

**Request to Produce No. 7:**

Any and all documents, including policies, memorandums regarding Defendant Swift Pork Company's attendance policy.

**Request to Produce No. 8:**

Any and all documents, including policies, memorandums regarding the attendance policy used at the 8295 Arenzville Road, Beardstown, IL 62618 facility.

**Request to Produce No. 9:**

Any and all documents, including policies, memorandums regarding Swift Pork Company's FMLA policy and/or procedure and any criteria used to assess requests.

**Request to Produce No. 10:**

Any and all documents, including policies, memorandums regarding the FMLA policy and/or procedure and any criteria used to assess requests at the 8295 Arenzville Road, Beardstown, IL 62618 facility.

4

**Request to Produce No. 11:**

Any and all correspondence, including e-mail and faxes, between JBS Live Pork, LLC, JBS USA, LLC and Swift Pork Company regarding leave policy and/or its' administration, including but not limited to FMLA.

**Request to Produce No. 12:**

Any and all correspondence, in any form including e-mail, memos and faxes, between JBS Live Pork, LLC, JBS USA, LLC and Swift Pork Company regarding all leave administration, including FMLA, as to Plaintiff Gabriel Gonzalez.

**Request to Produce No. 13:**

Any and all correspondence, in any form including e-mail, memos and faxes, by Swift Pork Company, regarding leave administration, including FMLA as to Plaintiff Gabriel Gonzalez.

**Request to Produce No. 14:**

Any and all documents, including spreadsheets and reports used by Defendant Swift Pork Company to track leave, including but not limited to FMLA.

**Request to Produce No. 15:**

Any and all documents including but not limited to logs or records that indicate entry access by Plaintiff Gabriel Gonzalez, either manually, via keycard, finger or hand scan or any other method, to the facility at 8295 Arenzville Road, Beardstown, IL 62618.

**Request to Produce No. 16:**

Any and all punch in and punch out time records for Plaintiff Gabriel Gonzalez.

**Request to Produce No. 17:**

Any and all termination documents for any employee terminated based on the attendance policy, including but not limited to attendance points at the facility at 8295 Arenzville Road, Beardstown, IL 62618.

**Request to Produce No. 18:**

Any and all correspondence, including e-mail and faxes, between JBS Live Pork, LLC, JBS USA, LLC and Swift Pork Company regarding discipline, including but not limited to termination.

**Request to Produce No. 19:**

Any and all correspondence, including e-mail and faxes, between JBS Live Pork, LLC, JBS USA, LLC and Swift Pork Company regarding discipline, including but not limited to termination based on the attendance policy, including but not limited to attendance points at 8295 Arenzville Road, Beardstown, IL 62618.

**Request to Produce No. 20:**

Any and all telephone records for the "absentee line" provided by Defendant Swift Pork Company to its' employees for the facility at 8295 Arenzville Road, Beardstown, IL 62618.

**Request to Produce No. 21:**

Any and all communications, including but not limited to emails, memos faxes, and text messages referencing Plaintiff Gabriel Gonzalez.

**Request to Produce No. 22:**

Any and all FMLA denials by Defendant Swift Pork Company for employees employed at its 8295 Arenzville Road, Beardstown, IL 62618 facility.

6

**Request to Produce No. 23:**

A copy of all contracts Defendant Swift Pork Company has entered into, including but not limited to loans, equipment, goods, personnel or otherwise for, on behalf of the 8295 Arenzville Road, Beardstown, IL 62618 facility.

**Request to Produce No. 24:**

Any and all documents that show the legal relationship between JBS Live Pork, LLC, JBS USA, LLC and Swift Pork Company.

**Request to Produce No. 25:**

Any and all documents that show the business relationship between JBS Live Pork, LLC, JBS USA, LLC and Swift Pork Company.

**Request to Produce No. 26:**

All documents that you believe supports any defense you asserted in your answer to the amended complaint or may assert.

**Request to Produce No. 27:**

All documents reviewed by Defendant when answering Plaintiff's first set of interrogatories.

Dated: September 4, 2018

Respectfully submitted,

/s/Yolanda Carrillo
One Plaintiff's Attorneys

Yolanda Carrillo
The Legal Assistance Foundation - LAF
120 S. LaSalle St., Suite 900
Chicago, IL 60603
p: (312) 229-6363
f: (312) 612-1563
ycarrillo@lafchicago.org

7

## Certificate of Service

I hereby certify that on September 4, 2018, a copy of the foregoing Plaintiff Gabriel Gonzalez's FIRST SET OF REQUESTS TO PRODUCE TO DENDANT SWIFT PORK COMPANY was served via electronic mail to the following attorneys authorized to receive service on behalf of Defendant Swift Pork Company:

Ruth A. Horvatich and Aaron A. Clark
McGrath North Mullin & Kratz
1601 Dodge Street,
First National Tower Suite 3700
Omaha, Nebraska 68102
rhorvatich@mcgrathnorth.com
aclark@mcgrathnorth.com

Dated: 9/4/2018

/s/Yolanda Carrillo
One of Plaintiff's Attorneys

Yolanda Carrillo
The Legal Assistance Foundation - LAF
120 S. LaSalle St., Suite 900
Chicago, IL 60603
p: (312) 229-6363
f: (312) 612-1563
ycarrillo@lafchicago.org

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| GABRIEL GONZÁLEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Myerscough |
| | ) | |
| v. | ) | |
| | ) | No. 3:18-cv-03044 |
| JBS LIVE PORK, LLC; JBS USA, | ) | |
| LLC; and SWIFT PORK COMPANY, | ) | |
| | ) | JURY DEMANDED |
| Defendants. | ) | |

## PLAINTIFF GABRIEL CONZALEZ'S FIRST SET OF INTERROGATORIES TO DEFENDANT SWIFT PORK COMPANY

Plaintiff Gabriel Gonzalez, by and through his attorneys, propounds the following interrogatories to Defendant Swift Pork Company pursuant to Rule 33 of the Federal Rules of Civil Procedure.

## DEFINITIONS

A.    "Defendant" refers to Swift Pork Company, including all its departments and its predecessors, successors, officers, directors, employees, and agents.

B.    "Plaintiff" means Gabriel Gonzalez.

C.    "Document" and "documents" mean any and all written, printed or computer-related words, data or information, including, but not limited to, any writing or recording of any type or description, whether written, printed or recorded (mechanically or electronically), or reproduced by hand, and whether or not produced or created by Plaintiff or Defendant, including, but not limited to, all letters; correspondence; electronic mails; telegrams; memoranda; notes; records; reports; financial statements; statistical and financial records; minutes; telephone or

1

personal conversations or conferences or other communications; envelopes; interoffice, intra-office or intracompany communications; CD-ROM, DVD, microfilm; microfiche; tape recordings; videotapes; photographs; bulletins; studies; plans; analyses; notices; computer records,  programs or software; books; pamphlets; illustrations; lists; forecasts; brochures; periodicals; charts; graphs; indices; bills; statements; files; agreements; contracts; completed forms; schedules; work sheets; data compilations; policies; amendments to policies or contracts; calendars; diaries; test results; reports; notebooks; opinions or reports of consultants; and any other written, printed, typed, recorded, or graphic matter, of any nature, however produced or reproduced, including copies and drafts of such documents, and any and all handwritten notes or notations thereon in whatever form.  The term "documents" also includes all data or documentation that is stored in a computer or other storage device and can be printed on paper or tape, such as drafts of documents that are stored in a computer or word processor and information that has been placed into a computer or other storage device, as well as disks or other materials in which the data or documentation is found.

If a document has been prepared in several copies, or additional copies have been made and the copies are not identical, (or by reason of subsequent modifications of the copy by additional material or notations, or other modifications, are no longer identical) each non-identical copy is a separate "document."  The term document also includes all attachments, enclosure of documents affixed or referred to in any documents identified in response to any of the following interrogatories.

D.    Please provide the following information with respect to each document you refer to in answering these interrogatories: (1) the identity of the document, including its date, author,

2

recipient and general subject matter; (2) the identity of all persons who received or possess copies of the documents; (3) the present location of the document; and (4) the present custodian of the document.

E.     To "identify" a person means to state: (1) his/her name; (2) current or, if current address is unknown, last known home and business address; (3) home and business telephone number; and (4) present employer and job title.  Whenever the identity of a person is provided in answer to any of the following interrogatories, it shall be unnecessary to repeat the identity of the same person in answer to a succeeding interrogatory.

F.     To "identify or to state the identity of a document" means to: (1) describe it sufficiently to enable Plaintiff to request its production; and (2) identify the custodian thereof, or attach a true copy of the document(s) to your answer hereto.

G.     "Relate to" shall mean consisting of, referring to, reflecting, or being in any way legally, logically, or factually connected with the matter discussed, whether directly or indirectly.

H.     "Including" means including but not limited to.

I.     "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

## INSTRUCTIONS

A.     Wherever appropriate, the singular form of a word should be interpreted as plural. The masculine gender embraces the feminine. "And" as well as "or" shall be construed either as disjunctively or conjunctively as necessary to bring within the scope of the request any information which might otherwise be construed to be outside its scope.

B.     If you object to the basis of privilege or work product, submit a list:

3

1. Stating the nature of any privilege or protection claimed as to each responsive documents;

2. Identifying each document as to:

   i. Form (i.e. letter, memorandum, etc.), including the title of the document, if any;
   ii. Date;
   iii. Author;
   iv. Signatory or signatories;
   v. Recipient(s); and
   vi. General subject matter.

C. When identifying a person, unless otherwise instructed, please state the person's:

   1. full name;
   2. current or last known business or residential address;
   3. all telephone numbers known to Defendant, including house number, work number, and cellular number; and
   4. name of employer;

D. When identifying a communication please state:

   1. whether the communication was oral or written;
   2. the identity of the person who made the communication and the identity of the person or persons to whom the communication was directed;
   3. the time, date, place, and method of the communication;
   4. as nearly as possible, the verbatim contents of the communication;
   5. the identities of any other persons present when the communication was made; and
   6. if the communication was oral, the identities of all persons within the vicinity of the communication but who were not directly involved in the communication.

E. Each interrogatory calls not only for Defendant's knowledge, but also for all knowledge that is available to Defendant through reasonable inquiry, including inquiry of Defendant's employees, agents and representatives.

F. Unless another period is specified, your responses should cover the period of **January 1, 2015 to the present** ("relevant period of time").

4

## INTERROGATORIES

**Interrogatory No. 1:**

State the name, address, telephone number and relationship to Defendant Swift Pork Company of the person(s) responding to these interrogatories.

**Interrogatory No. 2:**

Please describe, in detail, the relationship between JBS Live Pork, LLC, JBS USA, LLC and Swift Pork Company.

**Interrogatory No. 3:**

Describe the process by which Defendant Swift Pork Company notifies its employees that they are being disciplined for violation of the attendance policy.

**Interrogatory No. 4:**

Prior to his termination, had Plaintiff Gabriel Gonzalez been disciplined by Defendant Swift Pork Company. If yes, please state:

a. The date of each disciplinary action;

b. Whether the disciplinary action was written or oral; and

c. What, if any, corrective action was ordered and taken for each disciplinary action.

**Interrogatory No. 5:**

Please state, in detail, Defendant Swift Pork Company's policy and/or procedure governing medical leave requests, including the processing and determinations of those requests that are submitted by its employees. If the policy and/or procedure changed, please describe in detail when and what the change(s) occurred.

**Interrogatory No. 6:**

If Defendant Swift Pork Company contends Plaintiff Gabriel Gonzalez was not entitled to leave under the FMLA for any or all requested time including leave(s) of absence state with particularity all facts supporting the contention for each request so deemed.

**Interrogatory No. 7:**

For each FMLA request and/or medical leave request made by Plaintiff Gabriel Gonzalez between March 1, 2016 and March 30, 2016, please that the following: the date, location, the individuals and contents of each and every conversation, in writing or orally, between all employees or agents of Defendant Swift Pork Company regarding either the approval or denial of each of Plaintiff's requests and the basis for either granting or denying the requests. Identify each document that was reviewed, used and/or created during the decision making process, provide a basis for the decision, or was used in an after the fact analysis of the decision.

**Interrogatory No. 8:**

Identify anyone who is an employee or agent of Defendant Swift Pork Company who communicated, in writing or orally, with Plaintiff Gabriel Gonzalez regarding his absences and/or need for FMLA or other leave between March 1, 2016 and March 30, 2016, and state when the communication occurred, the form of communication, identify who initiated the communication and why, what was communicated, and identify all of the people involved in the communication.

**Interrogatory No. 9:**

Identify anyone who is an employee or agent of Defendant Swift Pork Company who communicated, in writing or orally, with any of Plaintiff Gabriel Gonzalez's health care professionals between March 1, 2016 and March 30, 2016, and state when the communication

6

occurred, the form of communication, identify who initiated the communication and why, what was communicated, and identify all of the people involved in the communication.

**Interrogatory No. 10:**

If Defendant Swift Pork Company contends that Plaintiff Gabriel Gonzalez failed to report to Defendant Swift Pork Company or its' agents as instructed on the status of his condition and need for a medical leave of absence, state with particularity all facts supporting the contention for each instance so deemed.

**Interrogatory No. 11:**

If Defendant Swift Pork Company contends Plaintiff Gabriel Gonzalez did not timely give notice that leave was requested under FMLA, state with particularity the facts supporting that contention for each and every instance so deemed.

**Interrogatory No. 12:**

If Defendant Swift Pork Company contends that Plaintiff Gabriel Gonzalez did not provide certification or sufficient certification or recertification of the serious health condition he had, state with particularity all facts supporting the contention for each and every absence so deemed.

**Interrogatory No. 13:**

Identify any employees of Defendant Swift Pork Company at its' 8295 Arenzville Road, Beardstown, IL 62618 location who requested medical leave(s) of absence, whether or not specified as FMLA leave, from January 2012 to the present date, and state for each employee whether his or her request was granted or denied, identify the people involved in making the decision, why the leave was granted or denied, and state whether Defendant required the employee to provide it with medical certification and whether the certification was given.

7

**Interrogatory No. 14:**

As to the decision to terminate Plaintiff Gabriel Gonzalez employment:

a) Identify each person who had input into that decision, participated in that decision, finally made or executed that decision, and state the role of each person (e.g. recommended the decision, reviewed the decision, made the decision, communicated the decision, etc.);

b) Specify the dates of and identify the participants in any and all discussions (verbal or written) in deciding to terminate Plaintiff's employment;

c) Specify each reason for terminating Plaintiff's employment, and;

d) Identify each document that was reviewed, used and/or created during the decision making process, provide a basis for the decision, or was used in an after the fact analysis of the decision.

**Interrogatory No. 15:**

List any and all employees who have been terminated since January 2012 for going over the maximum number of attendance points within a specific period, per the attendance policy and include the date of termination, the number of attendance points over the maximum attendance points and the supervisors, management or any person in a position of authority who participated in the action.

**Interrogatory No. 16:**

Please identify any and all experts defendants intend to call at trial.

**Interrogatory No. 17:**

For all experts identified in Interrogatory # 17, please state the following:

a. The subject matter of the expert's testimony

b. The expert's opinion on the subject matter of the testimony

8

c. The identity of any and all documents used in the formation of the expert's opinion

d. The identity of all documents containing the expert's opinion.

## Interrogatory No. 18:

State whether you or anyone acting on your behalf has taken, has possession or control of, or knows of the existence of any statements, signed or unsigned, oral or written, from or by any persons who either have, or claim to have, knowledge concerning the facts alleged in the Complaint or Answer.  For each such statement, identify each person who made the statement in question; the date(s) on which the statement(s) was given; and identify who took the statement(s).

## Interrogatory No. 19:

Please specify with particularity why Defendant Swift Pork Company uses businesses documents, including letterhead with the wording JBS, what JBS stands for, when that practice started and whether these business documents are still being used by Defendant Swift Pork Company.

**Interrogatory No. 20:**

Please specify with particularity why Defendant Swift Pork Company signs its HR related letters such as Request for Leave of Absence determinations as JBS Human Resources.

Dated:  September 4, 2018

Respectfully submitted,

/s/Yolanda Carrillo
One of Plaintiff's Attorneys

Yolanda Carrillo
The Legal Assistance Foundation - LAF
120 S. LaSalle St., Suite 900
Chicago, IL 60603
p: (312) 229-6363
f: (312) 612-1563
ycarrillo@lafchicago.org

## Certificate of Service

I hereby certify that on September 4, 2018, a copy of the foregoing Plaintiff Gabriel Gonzalez's FIRST SET OF INTERROGATORIES TO DEFENDANT SWIFT PORK COMPANY was served via electronic mail to the following attorneys authorized to receive service on behalf of Defendant Swift Pork Company:

Ruth A. Horvatich and Aaron A. Clark
McGrath North Mullin & Kratz
1601 Dodge Street,
First National Tower Suite 3700
Omaha, Nebraska 68102
rhorvatich@mcgrathnorth.com
aclark@mcgrathnorth.com

Dated: 9/4/2018

/s/Yolanda Carrillo
One of Plaintiff's Attorneys

Yolanda Carrillo
The Legal Assistance Foundation - LAF
120 S. LaSalle St., Suite 900
Chicago, IL 60603
p: (312) 229-6363
f: (312) 612-1563
ycarrillo@lafchicago.org

11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **GABRIEL GONZÁLEZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Judge Myerscough** |
| | ) | |
| **v.** | ) | |
| | ) | **No. 3:18-cv-03044** |
| **JBS LIVE PORK, LLC; JBS USA,** | ) | |
| **LLC; and SWIFT PORK COMPANY,** | ) | |
| | ) | **JURY DEMANDED** |
| **Defendants.** | ) | |

## PLAINTIFF GABRIEL GONZALEZ'S FIRST SET OF REQUESTS TO PRODUCE TO DEFENDANT JBS USA, LLC

Plaintiff Gabriel Gonzalez, by his attorneys, propounds the following Requests to Produce to Defendant JBS USA, LLC, in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure.

### DEFINITIONS

A. "Defendant" refers to JBS USA, LLC, including all its departments and its predecessors, successors, officers, directors, employees, and agents.

B. "Plaintiff" means Gabriel Gonzalez.

C. "Document" and "documents" mean any and all written, printed or computer-related words, data or information, including, but not limited to, any writing or recording of any type or description, whether written, printed or recorded (mechanically or electronically), or reproduced by hand, and whether or not produced or created by Plaintiff or Defendant, including, but not limited to, all letters; correspondence; electronic mails; telegrams; memoranda; notes; records; reports; financial statements; statistical and financial records; minutes; telephone or personal conversations or conferences or other communications; envelopes; interoffice, intra-office or

1

intracompany communications; CD-ROM, DVD, microfilm; microfiche; tape recordings; videotapes; photographs; bulletins; studies; plans; analyses; notices; computer records,  programs or software; books; pamphlets; illustrations; lists; forecasts; brochures; periodicals; charts; graphs; indices; bills; statements; files; agreements; contracts; completed forms; schedules; work sheets; data compilations; policies; amendments to policies or contracts; calendars; diaries; test results; reports; notebooks; opinions or reports of consultants; and any other written, printed, typed, recorded, or graphic matter, of any nature, however produced or reproduced, including copies and drafts of such documents, and any and all handwritten notes or notations thereon in whatever form.  The term "documents" also includes all data or documentation that is stored in a computer or other storage device and can be printed on paper or tape, such as drafts of documents that are stored in a computer or word processor and information that has been placed into a computer or other storage device, as well as disks or other materials in which the data or documentation is found.

If a document has been prepared in several copies, or additional copies have been made and the copies are not identical, (or by reason of subsequent modifications of the copy by additional material or notations, or other modifications, are no longer identical) each non-identical copy is a separate "document."

## INSTRUCTIONS

A.  Wherever appropriate, the singular form of a word should be interpreted as plural. The masculine gender embraces the feminine. "And" as well as "or" shall be construed either as disjunctively or conjunctively as necessary to bring within the scope of the request any information which might otherwise be construed to be outside its scope.

B.  If you object to the basis of privilege or work product, submit a list:

2

1.  Stating the nature of any privilege or protection claimed as to each responsive

    documents;

2.  Identifying each document as to:

    1.  Form (i.e. letter, memorandum, etc.), including the title of the
        document, if any;
    2.  Date;
    3.  Author;
    4.  Signatory or signatories;
    5.  Recipient(s); and
    6.  General subject matter.

C.  Each request to produce calls not only for Defendant's knowledge, but also for all

knowledge that is available to Defendant through reasonable inquiry, including inquiry of

Defendant's employees, agents and representatives.

D.  If responsive information appears on one page or more pages of a multi-page documents,

you are directed to produce the entire document.

E.  Unless another period is specified, your responses should cover the period of January 1,

2015 to the present ("relevant period of time").

## REQUEST TO PRODUCE

**Request to Produce No. 1:**

A copy of the articles of incorporation of Defendant JBS USA, LLC.

**Request to Produce No. 2:**

A copy of the corporate bylaws of Defendant JBS USA, LLC.

**Request to Produce No. 3:**

A copy of Defendant JBS USA, LLC's organizational structure.

3

**Request to Produce No. 4:**

Any and all documents, including personnel policies, personnel handbooks, memorandum which refer to Defendant JBS USA, LLC's company policies, including but not limited to, medical leave policies.

**Request to Produce No. 5:**

Any and all documents, including personnel policies, personnel handbooks, memorandum which refer to company policies, including but not limited to, medical leave policies used at the 8295 Arenzville Road, Beardstown, IL 62618 facility.

**Request to Produce No. 6:**

The personnel file for Plaintiff Gabriel Gonzalez.

**Request to Produce No. 7:**

Any and all documents, including policies, memorandums regarding Defendant JBS USA, LLC's attendance policy.

**Request to Produce No. 8:**

Any and all documents, including policies, memorandums regarding the attendance policy used at the 8295 Arenzville Road, Beardstown, IL 62618 facility.

**Request to Produce No. 9:**

Any and all documents, including policies, memorandums regarding JBS USA, LLC's FMLA policy and/or procedure and any criteria used to assess requests.

**Request to Produce No. 10:**

Any and all documents, including policies, memorandums regarding the FMLA policy and/or procedure and any criteria used to assess requests at the 8295 Arenzville Road, Beardstown, IL 62618 facility.

**Request to Produce No. 11:**

Any and all correspondence, including e-mail and faxes, between JBS Live Pork, LLC, JBS USA, LLC and Swift Pork Company regarding leave policy and/or its' administration, including but not limited to FMLA.

**Request to Produce No. 12:**

Any and all correspondence, in any form including e-mail, memos and faxes, between JBS Live Pork, LLC, JBS USA, LLC and Swift Pork Company regarding all leave administration, including FMLA, as to Plaintiff Gabriel Gonzalez.

**Request to Produce No. 13:**

Any and all correspondence, in any form including e-mail, memos and faxes, by JBS USA, LLC, regarding leave administration, including FMLA as to Plaintiff Gabriel Gonzalez.

**Request to Produce No. 14:**

Any and all documents, including spreadsheets and reports used by Defendant JBS USA, LLC to track leave, including but not limited to FMLA.

**Request to Produce No. 15:**

Any and all documents including but not limited to logs or records that indicate entry access by Plaintiff Gabriel Gonzalez, either manually, via keycard, finger or hand scan or any other method, to the facility at 8295 Arenzville Road, Beardstown, IL 62618.

**Request to Produce No. 16:**

Any and all punch in and punch out time records for Plaintiff Gabriel Gonzalez.

5

**Request to Produce No. 17:**

Any and all termination documents for any employee terminated based on the attendance policy, including but not limited to attendance points at the facility at 8295 Arenzville Road, Beardstown, IL 62618.

**Request to Produce No. 18:**

Any and all correspondence, including e-mail and faxes, between JBS Live Pork, LLC, JBS USA, LLC and Swift Pork Company regarding discipline, including but not limited to termination.

**Request to Produce No. 19:**

Any and all correspondence, including e-mail and faxes, between JBS Live Pork, LLC, JBS USA, LLC and Swift Pork Company regarding discipline, including but not limited to termination based on the attendance policy, including but not limited to attendance points at 8295 Arenzville Road, Beardstown, IL 62618.

**Request to Produce No. 20:**

Any and all telephone records for the "absentee line" provided by Defendant JBS USA, LLC to its' employees for the facility at 8295 Arenzville Road, Beardstown, IL 62618.

**Request to Produce No. 21:**

Any and all communications, including but not limited to emails, memos faxes, and text messages referencing Plaintiff Gabriel Gonzalez.

**Request to Produce No. 22:**

Any and all FMLA denials by Defendant JBS USA, LLC for employees employed at its 8295 Arenzville Road, Beardstown, IL 62618 facility.

6

**Request to Produce No. 23:**

A copy of all contracts Defendant JBS USA, LLC has entered into, including but not limited to loans, equipment, goods, personnel or otherwise for, on behalf of the 8295 Arenzville Road, Beardstown, IL 62618 facility.

**Request to Produce No. 24:**

Any and all documents that show the legal relationship between JBS Live Pork, LLC, JBS USA, LLC and Swift Pork Company.

**Request to Produce No. 25:**

Any and all documents that show the business relationship between JBS Live Pork, LLC, JBS USA, LLC and Swift Pork Company.

**Request to Produce No. 26:**

All documents that you believe supports any defense you asserted in your answer to the amended complaint or may assert.

**Request to Produce No. 27:**

A copy of all business documents used by Defendant JBS USA, LLC including but not limited to letterhead and PAF Form (Personnel Action Form).

**Request to Produce No. 28:**

 All documents reviewed by Defendant when answering Plaintiff's first set of

interrogatories.


Dated: September 4, 2018

       /s/Yolanda Carrillo
       One Plaintiff's Attorneys

       Yolanda Carrillo
       The Legal Assistance Foundation - LAF
       120 S. LaSalle St., Suite 900
       Chicago, IL 60603
       p: (312) 229-6363
       f: (312) 612-1563
       ycarrillo@lafchicago.org

## Certificate of Service

I hereby certify that on September 4, 2018, a copy of the foregoing Plaintiff Gabriel Gonzalez's FIRST SET OF REQUESTS TO PRODUCE TO DENDANT JBS USA, LLC was served via electronic mail to the following attorneys authorized to receive service on behalf of Defendant JBS USA, LLC:

Ruth A. Horvatich and Aaron A. Clark
McGrath North Mullin & Kratz
1601 Dodge Street,
First National Tower Suite 3700
Omaha, Nebraska 68102
rhorvatich@mcgrathnorth.com
aclark@mcgrathnorth.com

Dated: 9/4/2018

/s/Yolanda Carrillo
One of Plaintiff's Attorneys

Yolanda Carrillo
The Legal Assistance Foundation - LAF
120 S. LaSalle St., Suite 900
Chicago, IL 60603
p: (312) 229-6363
f: (312) 612-1563
ycarrillo@lafchicago.org

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| GABRIEL GONZÁLEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Myerscough |
| | ) | |
| v. | ) | |
| | ) | No. 3:18-cv-03044 |
| JBS LIVE PORK, LLC; JBS USA, | ) | |
| LLC; and SWIFT PORK COMPANY, | ) | |
| | ) | JURY DEMANDED |
| Defendants. | ) | |

## PLAINTIFF GABRIEL CONZALEZ'S FIRST SET OF INTERROGATORIES TO DEFENDANT JBS USA, LLC

Plaintiff Gabriel Gonzalez, by and through his attorneys, propounds the following interrogatories to Defendant JBS USA, LLC pursuant to Rule 33 of the Federal Rules of Civil Procedure.

## DEFINITIONS

A.     "Defendant" refers to JBS USA, LLC, including all its departments and its predecessors, successors, officers, directors, employees, and agents.

B.     "Plaintiff" means Gabriel Gonzalez.

C.     "Document" and "documents" mean any and all written, printed or computer-related words, data or information, including, but not limited to, any writing or recording of any type or description, whether written, printed or recorded (mechanically or electronically), or reproduced by hand, and whether or not produced or created by Plaintiff or Defendant, including, but not limited to, all letters; correspondence; electronic mails; telegrams; memoranda; notes; records; reports; financial statements; statistical and financial records; minutes; telephone or

1

personal conversations or conferences or other communications; envelopes; interoffice, intra-office or intracompany communications; CD-ROM, DVD, microfilm; microfiche; tape recordings; videotapes; photographs; bulletins; studies; plans; analyses; notices; computer records,  programs or software; books; pamphlets; illustrations; lists; forecasts; brochures; periodicals; charts; graphs; indices; bills; statements; files; agreements; contracts; completed forms; schedules; work sheets; data compilations; policies; amendments to policies or contracts; calendars; diaries; test results; reports; notebooks; opinions or reports of consultants; and any other written, printed, typed, recorded, or graphic matter, of any nature, however produced or reproduced, including copies and drafts of such documents, and any and all handwritten notes or notations thereon in whatever form.  The term "documents" also includes all data or documentation that is stored in a computer or other storage device and can be printed on paper or tape, such as drafts of documents that are stored in a computer or word processor and information that has been placed into a computer or other storage device, as well as disks or other materials in which the data or documentation is found.

If a document has been prepared in several copies, or additional copies have been made and the copies are not identical, (or by reason of subsequent modifications of the copy by additional material or notations, or other modifications, are no longer identical) each non-identical copy is a separate "document." The term document also includes all attachments, enclosure of documents affixed or referred to in any documents identified in response to any of the following interrogatories.

      D.     Please provide the following information with respect to each document you refer to in answering these interrogatories: (1) the identity of the document, including its date, author,

recipient and general subject matter; (2) the identity of all persons who received or possess copies of the documents; (3) the present location of the document; and (4) the present custodian of the document.

E.     To "identify" a person means to state: (1) his/her name; (2) current or, if current address is unknown, last known home and business address; (3) home and business telephone number; and (4) present employer and job title.  Whenever the identity of a person is provided in answer to any of the following interrogatories, it shall be unnecessary to repeat the identity of the same person in answer to a succeeding interrogatory.

F.     To "identify or to state the identity of a document" means to: (1) describe it sufficiently to enable Plaintiff to request its production; and (2) identify the custodian thereof, or attach a true copy of the document(s) to your answer hereto.

G.     "Relate to" shall mean consisting of, referring to, reflecting, or being in any way legally, logically, or factually connected with the matter discussed, whether directly or indirectly.

H.     "Including" means including but not limited to.

I.     "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

### INSTRUCTIONS

A.     Wherever appropriate, the singular form of a word should be interpreted as plural. The masculine gender embraces the feminine. "And" as well as "or" shall be construed either as disjunctively or conjunctively as necessary to bring within the scope of the request any information which might otherwise be construed to be outside its scope.

B.     If you object to the basis of privilege or work product, submit a list:

3

1. Stating the nature of any privilege or protection claimed as to each responsive documents;

2. Identifying each document as to:

      i.  Form (i.e. letter, memorandum, etc.), including the title of the document, if any;
      ii.  Date;
      iii.  Author;
      iv.  Signatory or signatories;
      v.  Recipient(s); and
      vi.  General subject matter.

C.    When identifying a person, unless otherwise instructed, please state the person's:

1. full name;
2. current or last known business or residential address;
3. all telephone numbers known to Defendant, including house number, work number, and cellular number; and
4. name of employer;

D.    When identifying a communication please state:

1. whether the communication was oral or written;
2. the identity of the person who made the communication and the identity of the person or persons to whom the communication was directed;
3. the time, date, place, and method of the communication;
4. as nearly as possible, the verbatim contents of the communication;
5. the identities of any other persons present when the communication was made; and
6. if the communication was oral, the identities of all persons within the vicinity of the communication but who were not directly involved in the communication.

E.    Each interrogatory calls not only for Defendant's knowledge, but also for all knowledge that is available to Defendant through reasonable inquiry, including inquiry of Defendant's employees, agents and representatives.

F.    Unless another period is specified, your responses should cover the period of **January 1, 2015 to the present** ("relevant period of time").

4

## INTERROGATORIES

**Interrogatory No. 1:**

State the name, address, telephone number and relationship to Defendant JBS USA, LLC

of the person(s) responding to these interrogatories.

**Interrogatory No. 2:**

Please describe, in detail, the relationship between JBS Live Pork, LLC, JBS USA, LLC

and Swift Pork Company.

**Interrogatory No. 3:**

Describe the process by which Defendant JBS USA, LLC notifies its employees that they

are being disciplined for violation of the attendance policy.

**Interrogatory No. 4:**

Prior to his termination, had Plaintiff Gabriel Gonzalez been disciplined by Defendant JBS

USA, LLC. If yes, please state:

a. The date of each disciplinary action;

b. Whether the disciplinary action was written or oral; and

c. What, if any, corrective action was ordered and taken for each disciplinary action.

**Interrogatory No. 5:**

Please state, in detail, Defendant JBS USA, LLC's policy and/or procedure governing

medical leave requests, including the processing and determinations of those requests that are

submitted by its employees. If the policy and/or procedure changed, please describe in detail when

and what the change(s) occurred.

5

**Interrogatory No. 6:**

If Defendant JBS USA, LLC contends Plaintiff Gabriel Gonzalez was not entitled to leave under the FMLA for any or all requested time including leave(s) of absence state with particularity all facts supporting the contention for each request so deemed.

**Interrogatory No. 7:**

For each FMLA request and/or medical leave request made by Plaintiff Gabriel Gonzalez between March 1, 2016 and March 30, 2016, please that the following: the date, location, the individuals and contents of each and every conversation, in writing or orally, between all employees or agents of Defendant JBS USA, LLC regarding either the approval or denial of each of Plaintiff's requests and the basis for either granting or denying the requests. Identify each document that was reviewed, used and/or created during the decision making process, provide a basis for the decision, or was used in an after the fact analysis of the decision.

**Interrogatory No. 8:**

Identify anyone who is an employee or agent of Defendant JBS USA, LLC who communicated, in writing or orally, with Plaintiff Gabriel Gonzalez regarding his absences and/or need for FMLA or other leave between March 1, 2016 and March 30, 2016, and state when the communication occurred, the form of communication, identify who initiated the communication and why, what was communicated, and identify all of the people involved in the communication.

**Interrogatory No. 9:**

Identify anyone who is an employee or agent of Defendant JBS USA, LLC who communicated, in writing or orally, with any of Plaintiff Gabriel Gonzalez's health care professionals between March 1, 2016 and March 30, 2016, and state when the communication

occurred, the form of communication, identify who initiated the communication and why, what was communicated, and identify all of the people involved in the communication.

**Interrogatory No. 10:**

If Defendant JBS USA, LLC contends that Plaintiff Gabriel Gonzalez failed to report to Defendant JBS Live Pork, LLC or its' agents as instructed on the status of his condition and need for a medical leave of absence, state with particularity all facts supporting the contention for each instance so deemed.

**Interrogatory No. 11:**

If Defendant JBS USA, LLC contends Plaintiff Gabriel Gonzalez did not timely give notice that leave was requested under FMLA, state with particularity the facts supporting that contention for each and every instance so deemed.

**Interrogatory No. 12:**

If Defendant JBS USA, LLC contends that Plaintiff Gabriel Gonzalez did not provide certification or sufficient certification or recertification of the serious health condition he had, state with particularity all facts supporting the contention for each and every absence so deemed.

**Interrogatory No. 13:**

Identify any employees of Defendant JBS USA, LLC at its' 8295 Arenzville Road, Beardstown, IL 62618 location who requested medical leave(s) of absence, whether or not specified as FMLA leave, from January 2012 to the present date, and state for each employee whether his or her request was granted or denied, identify the people involved in making the decision, why the leave was granted or denied, and state whether Defendant required the employee to provide it with medical certification and whether the certification was given.

**Interrogatory No. 14:**

As to the decision to terminate Plaintiff Gabriel Gonzalez employment:

a) Identify each person who had input into that decision, participated in that decision, finally made or executed that decision, and state the role of each person (e.g. recommended the decision, reviewed the decision, made the decision, communicated the decision, etc.);

b) Specify the dates of and identify the participants in any and all discussions (verbal or written) in deciding to terminate Plaintiff's employment;

c) Specify each reason for terminating Plaintiff's employment, and;

d) Identify each document that was reviewed, used and/or created during the decision making process, provide a basis for the decision, or was used in an after the fact analysis of the decision.

**Interrogatory No. 15:**

List any and all employees who have been terminated since January 2012 for going over the maximum number of attendance points within a specific period, per the attendance policy and include the date of termination, the number of attendance points over the maximum attendance points and the supervisors, management or any person in a position of authority who participated in the action.

**Interrogatory No. 16:**

Please identify any and all experts defendants intend to call at trial.

**Interrogatory No. 17:**

For all experts identified in Interrogatory # 17, please state the following:

a. The subject matter of the expert's testimony

b. The expert's opinion on the subject matter of the testimony

c. The identity of any and all documents used in the formation of the expert's opinion

d. The identity of all documents containing the expert's opinion.

**Interrogatory No. 18:**

State whether you or anyone acting on your behalf has taken, has possession or control of, or knows of the existence of any statements, signed or unsigned, oral or written, from or by any persons who either have, or claim to have, knowledge concerning the facts alleged in the Complaint or Answer.  For each such statement, identify each person who made the statement in question; the date(s) on which the statement(s) was given; and identify who took the statement(s).

Dated: September 4, 2018

Respectfully submitted,

/s/Yolanda Carrillo<br>One of Plaintiff's Attorneys

Yolanda Carrillo
The Legal Assistance Foundation - LAF
120 S. LaSalle St., Suite 900
Chicago, IL 60603
p: (312) 229-6363
f: (312) 612-1563
ycarrillo@lafchicago.org

## Certificate of Service

I hereby certify that on September 4, 2018, a copy of the foregoing Plaintiff Gabriel Gonzalez's FIRST SET OF INTERROGATORIES TO DEFENDANT JBS USA, LLC was served via electronic mail to the following attorneys authorized to receive service on behalf of Defendant JBS USA, LLC:

Ruth A. Horvatich and Aaron A. Clark
McGrath North Mullin & Kratz
1601 Dodge Street,
First National Tower Suite 3700
Omaha, Nebraska 68102
rhorvatich@mcgrathnorth.com
aclark@mcgrathnorth.com

Dated: 9/4/2018

/s/Yolanda Carrillo
One of Plaintiff's Attorneys

Yolanda Carrillo
The Legal Assistance Foundation - LAF
120 S. LaSalle St., Suite 900
Chicago, IL 60603
p: (312) 229-6363
f: (312) 612-1563
ycarrillo@lafchicago.org

10

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

GABRIEL GONZÁLEZ,                )
                                 )
        Plaintiff,               )        Judge Myerscough
                                 )
        v.                       )
                                 )        No. 3:18-cv-03044
JBS LIVE PORK, LLC; JBS USA,     )
LLC; and SWIFT PORK COMPANY,     )
                                 )        JURY DEMANDED
        Defendants.              )

## PLAINTIFF GABRIEL GONZALEZ'S FIRST SET OF REQUESTS TO PRODUCE TO DEFENDANT JBS LIVE PORK, LLC

Plaintiff Gabriel Gonzalez, by his attorneys, propounds the following Requests to

Produce to Defendant JBS Live Pork, LLC, in accordance with Rules 26 and 34 of the Federal

Rules of Civil Procedure.

## DEFINITIONS

A.  "Defendant" refers to JBS Live Pork, LLC, including all its departments and its

predecessors, successors, officers, directors, employees, and agents.

B.  "Plaintiff" means Gabriel Gonzalez.

C.  "Document" and "documents" mean any and all written, printed or computer-related

words, data or information, including, but not limited to, any writing or recording of any type or

description, whether written, printed or recorded (mechanically or electronically), or reproduced

by hand, and whether or not produced or created by Plaintiff or Defendant, including, but not

limited to, all letters; correspondence; electronic mails; telegrams; memoranda; notes; records;

reports; financial statements; statistical and financial records; minutes; telephone or personal

conversations or conferences or other communications; envelopes; interoffice, intra-office or

1

intracompany communications; CD-ROM, DVD, microfilm; microfiche; tape recordings; videotapes; photographs; bulletins; studies; plans; analyses; notices; computer records, programs or software; books; pamphlets; illustrations; lists; forecasts; brochures; periodicals; charts; graphs; indices; bills; statements; files; agreements; contracts; completed forms; schedules; work sheets; data compilations; policies; amendments to policies or contracts; calendars; diaries; test results; reports; notebooks; opinions or reports of consultants; and any other written, printed, typed, recorded, or graphic matter, of any nature, however produced or reproduced, including copies and drafts of such documents, and any and all handwritten notes or notations thereon in whatever form. The term "documents" also includes all data or documentation that is stored in a computer or other storage device and can be printed on paper or tape, such as drafts of documents that are stored in a computer or word processor and information that has been placed into a computer or other storage device, as well as disks or other materials in which the data or documentation is found.

If a document has been prepared in several copies, or additional copies have been made and the copies are not identical, (or by reason of subsequent modifications of the copy by additional material or notations, or other modifications, are no longer identical) each non-identical copy is a separate "document."

## INSTRUCTIONS

A. Wherever appropriate, the singular form of a word should be interpreted as plural. The masculine gender embraces the feminine. "And" as well as "or" shall be construed either as disjunctively or conjunctively as necessary to bring within the scope of the request any information which might otherwise be construed to be outside its scope.

B. If you object to the basis of privilege or work product, submit a list:

2

1. Stating the nature of any privilege or protection claimed as to each responsive

   documents;

2. Identifying each document as to:

   1. Form (i.e. letter, memorandum, etc.), including the title of the
      document, if any;
   2. Date;
   3. Author;
   4. Signatory or signatories;
   5. Recipient(s); and
   6. General subject matter.

C. Each request to produce calls not only for Defendant's knowledge, but also for all

knowledge that is available to Defendant through reasonable inquiry, including inquiry of

Defendant's employees, agents and representatives.

D. If responsive information appears on one page or more pages of a multi-page documents,

you are directed to produce the entire document.

E. Unless another period is specified, your responses should cover the period of January 1,

2015 to the present ("relevant period of time").

## REQUEST TO PRODUCE

**Request to Produce No. 1:**

A copy of the articles of incorporation of Defendant JBS Live Pork, LLC.

**Request to Produce No. 2:**

A copy of the corporate bylaws of Defendant JBS Live Pork, LLC.

**Request to Produce No. 3:**

A copy of Defendant JBS Live Pork, LLC's organizational structure.

3

**Request to Produce No. 4:**

Any and all documents, including personnel policies, personnel handbooks, memorandum which refer to Defendant JBS Live Pork, LLC's company policies, including but not limited to, medical leave policies.

**Request to Produce No. 5:**

Any and all documents, including personnel policies, personnel handbooks, memorandum which refer to company policies, including but not limited to, medical leave policies used at the 8295 Arenzville Road, Beardstown, IL 62618 facility.

**Request to Produce No. 6:**

The personnel file for Plaintiff Gabriel Gonzalez.

**Request to Produce No. 7:**

Any and all documents, including policies, memorandums regarding Defendant JBS Live Pork, LLC's attendance policy.

**Request to Produce No. 8:**

Any and all documents, including policies, memorandums regarding the attendance policy used at the 8295 Arenzville Road, Beardstown, IL 62618 facility.

**Request to Produce No. 9:**

Any and all documents, including policies, memorandums regarding JBS Live Pork, LLC's FMLA policy and/or procedure and any criteria used to assess requests.

**Request to Produce No. 10:**

Any and all documents, including policies, memorandums regarding the FMLA policy and/or procedure and any criteria used to assess requests at the 8295 Arenzville Road, Beardstown, IL 62618 facility.

4

**Request to Produce No. 11:**

Any and all correspondence, including e-mail and faxes, between JBS Live Pork, LLC,

JBS USA, LLC and Swift Pork Company regarding leave policy and/or its' administration,

including but not limited to FMLA.

**Request to Produce No. 12:**

Any and all correspondence, in any form including e-mail, memos and faxes, between

JBS Live Pork, LLC, JBS USA, LLC and Swift Pork Company regarding all leave

administration, including FMLA, as to Plaintiff Gabriel Gonzalez.

**Request to Produce No. 13:**

Any and all correspondence, in any form including e-mail, memos and faxes, by JBS

Live Pork, LLC, regarding leave administration, including FMLA as to Plaintiff Gabriel

Gonzalez.

**Request to Produce No. 14:**

Any and all documents, including spreadsheets and reports used by Defendant JBS Live

Pork, LLC to track leave, including but not limited to FMLA.

**Request to Produce No. 15:**

Any and all documents including but not limited to logs or records that indicate entry

access by Plaintiff Gabriel Gonzalez, either manually, via keycard, finger or hand scan or any

other method, to the facility at 8295 Arenzville Road, Beardstown, IL 62618.

**Request to Produce No. 16:**

Any and all punch in and punch out time records for Plaintiff Gabriel Gonzalez.

**Request to Produce No. 17:**

Any and all termination documents for any employee terminated based on the attendance policy, including but not limited to attendance points at the facility at 8295 Arenzville Road, Beardstown, IL 62618.

**Request to Produce No. 18:**

Any and all correspondence, including e-mail and faxes, between JBS Live Pork, LLC, JBS USA, LLC and Swift Pork Company regarding discipline, including but not limited to termination.

**Request to Produce No. 19:**

Any and all correspondence, including e-mail and faxes, between JBS Live Pork, LLC, JBS USA, LLC and Swift Pork Company regarding discipline, including but not limited to termination based on the attendance policy, including but not limited to attendance points at 8295 Arenzville Road, Beardstown, IL 62618.

**Request to Produce No. 20:**

Any and all telephone records for the "absentee line" provided by Defendant JBS Live Pork LLC to its' employees for the facility at 8295 Arenzville Road, Beardstown, IL 62618.

**Request to Produce No. 21:**

Any and all communications, including but not limited to emails, memos faxes, and text messages referencing Plaintiff Gabriel Gonzalez.

**Request to Produce No. 22:**

Any and all FMLA denials by Defendant JBS Live Pork LLC for employees employed at its 8295 Arenzville Road, Beardstown, IL 62618 facility.

6

**Request to Produce No. 23:**

A copy of all contracts Defendant JBS Live Pork, LLC has entered into, including but not limited to loans, equipment, goods, personnel or otherwise for, on behalf of the 8295 Arenzville Road, Beardstown, IL 62618 facility.

**Request to Produce No. 24:**

Any and all documents that show the legal relationship between JBS Live Pork, LLC, JBS USA, LLC and Swift Pork Company.

**Request to Produce No. 25:**

Any and all documents that show the business relationship between JBS Live Pork, LLC, JBS USA, LLC and Swift Pork Company.

**Request to Produce No. 26:**

All documents that you believe supports any defense you asserted in your answer to the amended complaint or may assert.

**Request to Produce No. 27:**

A copy of all business documents used by Defendant JBS Live Pork, LLC including but not limited to letterhead and PAF Form (Personnel Action Form).

**Request to Produce No. 28:**

All documents reviewed by Defendant when answering Plaintiff's first set of

interrogatories.

Dated: September 4, 2018

Respectfully submitted,

/s/Yolanda Carrillo
One Plaintiff's Attorneys

Yolanda Carrillo
The Legal Assistance Foundation - LAF
120 S. LaSalle St., Suite 900
Chicago, IL 60603
p: (312) 229-6363
f: (312) 612-1563
ycarrillo@lafchicago.org

**Certificate of Service**

I hereby certify that on September 4, 2018, a copy of the foregoing Plaintiff Gabriel Gonzalez's FIRST SET OF REQUESTS TO PRODUCE TO DENDANT JBS LIVE PORK, LLC was served via electronic mail to the following attorneys authorized to receive service on behalf of Defendant JBS Live Pork, LLC:

Ruth A. Horvatich and Aaron A. Clark
McGrath North Mullin & Kratz
1601 Dodge Street,
First National Tower Suite 3700
Omaha, Nebraska 68102
rhorvatich@mcgrathnorth.com
aclark@mcgrathnorth.com

Dated: 9/4/2018

/s/Yolanda Carrillo
One of Plaintiff's Attorneys

Yolanda Carrillo
The Legal Assistance Foundation - LAF
120 S. LaSalle St., Suite 900
Chicago, IL 60603
p: (312) 229-6363
f: (312) 612-1563
ycarrillo@lafchicago.org

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| GABRIEL GONZÁLEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Myerscough |
| | ) | |
| v. | ) | |
| | ) | No. 3:18-cv-03044 |
| JBS LIVE PORK, LLC; JBS USA, | ) | |
| LLC; and SWIFT PORK COMPANY, | ) | |
| | ) | JURY DEMANDED |
| Defendants. | ) | |

**PLAINTIFF GABRIEL CONZALEZ'S FIRST SET OF INTERROGATORIES TO
DEFENDANT JBS LIVE PORK, LLC**

Plaintiff Gabriel Gonzalez, by and through his attorneys, propounds the following interrogatories to Defendant JBS LIVE PORK, LLC pursuant to Rule 33 of the Federal Rules of Civil Procedure.

**DEFINITIONS**

A.    "Defendant" refers to JBS Live Pork, LLC, including all its departments and its predecessors, successors, officers, directors, employees, and agents.

B.    "Plaintiff" means Gabriel Gonzalez.

C.    "Document" and "documents" mean any and all written, printed or computer-related words, data or information, including, but not limited to, any writing or recording of any type or description, whether written, printed or recorded (mechanically or electronically), or reproduced by hand, and whether or not produced or created by Plaintiff or Defendant, including, but not limited to, all letters; correspondence; electronic mails; telegrams; memoranda; notes; records; reports; financial statements; statistical and financial records; minutes; telephone or

1

personal conversations or conferences or other communications; envelopes; interoffice, intra-office or intracompany communications; CD-ROM, DVD, microfilm; microfiche; tape recordings; videotapes; photographs; bulletins; studies; plans; analyses; notices; computer records,  programs or software; books; pamphlets; illustrations; lists; forecasts; brochures; periodicals; charts; graphs; indices; bills; statements; files; agreements; contracts; completed forms; schedules; work sheets; data compilations; policies; amendments to policies or contracts; calendars; diaries; test results; reports; notebooks; opinions or reports of consultants; and any other written, printed, typed, recorded, or graphic matter, of any nature, however produced or reproduced, including copies and drafts of such documents, and any and all handwritten notes or notations thereon in whatever form.  The term "documents" also includes all data or documentation that is stored in a computer or other storage device and can be printed on paper or tape, such as drafts of documents that are stored in a computer or word processor and information that has been placed into a computer or other storage device, as well as disks or other materials in which the data or documentation is found.

If a document has been prepared in several copies, or additional copies have been made and the copies are not identical, (or by reason of subsequent modifications of the copy by additional material or notations, or other modifications, are no longer identical) each non-identical copy is a separate "document."  The term document also includes all attachments, enclosure of documents affixed or referred to in any documents identified in response to any of the following interrogatories.

  D.  Please provide the following information with respect to each document you refer to in answering these interrogatories: (1) the identity of the document, including its date, author,

recipient and general subject matter; (2) the identity of all persons who received or possess copies of the documents; (3) the present location of the document; and (4) the present custodian of the document.

E.      To "identify" a person means to state: (1) his/her name; (2) current or, if current address is unknown, last known home and business address; (3) home and business telephone number; and (4) present employer and job title.  Whenever the identity of a person is provided in answer to any of the following interrogatories, it shall be unnecessary to repeat the identity of the same person in answer to a succeeding interrogatory.

F.      To "identify or to state the identity of a document" means to: (1) describe it sufficiently to enable Plaintiff to request its production; and (2) identify the custodian thereof, or attach a true copy of the document(s) to your answer hereto.

G.      "Relate to" shall mean consisting of, referring to, reflecting, or being in any way legally, logically, or factually connected with the matter discussed, whether directly or indirectly.

H.      "Including" means including but not limited to.

I.      "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

## **INSTRUCTIONS**

A.      Wherever appropriate, the singular form of a word should be interpreted as plural. The masculine gender embraces the feminine. "And" as well as "or" shall be construed either as disjunctively or conjunctively as necessary to bring within the scope of the request any information which might otherwise be construed to be outside its scope.

B.      If you object to the basis of privilege or work product, submit a list:

3

1. Stating the nature of any privilege or protection claimed as to each responsive

    documents;

2. Identifying each document as to:

    i.  Form (i.e. letter, memorandum, etc.), including the title of the document, if any;
    ii. Date;
    iii. Author;
    iv. Signatory or signatories;
    v.  Recipient(s); and
    vi. General subject matter.

C.  **When identifying a person**, unless otherwise instructed, please state the

person's:

1. full name;
2. current or last known business or residential address;
3. all telephone numbers known to Defendant, including house number, work number, and cellular number; and
4. name of employer;

D.  **When identifying a communication** please state:

1. whether the communication was oral or written;
2. the identity of the person who made the communication and the identity of the person or persons to whom the communication was directed;
3. the time, date, place, and method of the communication;
4. as nearly as possible, the verbatim contents of the communication;
5. the identities of any other persons present when the communication was made; and
6. if the communication was oral, the identities of all persons within the vicinity of the communication but who were not directly involved in the communication.

E.  Each interrogatory calls not only for Defendant's knowledge, but also for all

knowledge that is available to Defendant through reasonable inquiry, including inquiry of

Defendant's employees, agents and representatives.

F.  Unless another period is specified, your responses should cover the period of **January 1,**

**2015 to the present** ("relevant period of time").

4

## INTERROGATORIES

**Interrogatory No. 1:**

State the name, address, telephone number and relationship to Defendant JBS Live Pork, LLC of the person(s) responding to these interrogatories.

**Interrogatory No. 2:**

Please describe, in detail, the relationship between JBS Live Pork, LLC, JBS USA, LLC and Swift Pork Company.

**Interrogatory No. 3:**

Describe the process by which Defendant JBS Live Pork notifies its employees that they are being disciplined for violation of the attendance policy.

**Interrogatory No. 4:**

Prior to his termination, had Plaintiff Gabriel Gonzalez been disciplined by Defendant JBS Live Pork, LLC. If yes, please state:

a. The date of each disciplinary action;

b. Whether the disciplinary action was written or oral; and

c. What, if any, corrective action was ordered and taken for each disciplinary action.

**Interrogatory No. 5:**

Please state, in detail, Defendant JBS Live Pork, LLC's policy and/or procedure governing medical leave requests, including the processing and determinations of those requests that are submitted by its employees. If the policy and/or procedure changed, please describe in detail when and what the change(s) occurred.

**Interrogatory No. 6:**

If Defendant JBS Live Pork, LLC contends Plaintiff Gabriel Gonzalez was not entitled to leave under the FMLA for any or all requested time including leave(s) of absence state with particularity all facts supporting the contention for each request so deemed.

**Interrogatory No. 7:**

For each FMLA request and/or medical leave request made by Plaintiff Gabriel Gonzalez between March 1, 2016 and March 30, 2016, please that the following: the date, location, the individuals and contents of each and every conversation, in writing or orally, between all employees or agents of Defendant JBS Live Pork, LLC regarding either the approval or denial of each of Plaintiff's requests and the basis for either granting or denying the requests. Identify each document that was reviewed, used and/or created during the decision making process, provide a basis for the decision, or was used in an after the fact analysis of the decision.

**Interrogatory No. 8:**

Identify anyone who is an employee or agent of Defendant JBS Live Pork, LLC who communicated, in writing or orally, with Plaintiff Gabriel Gonzalez regarding his absences and/or need for FMLA or other leave between March 1, 2016 and March 30, 2016, and state when the communication occurred, the form of communication, identify who initiated the communication and why, what was communicated, and identify all of the people involved in the communication.

**Interrogatory No. 9:**

Identify anyone who is an employee or agent of Defendant JBS Live Pork, LLC who communicated, in writing or orally, with any of Plaintiff Gabriel Gonzalez's health care professionals between March 1, 2016 and March 30, 2016, and state when the communication

6

occurred, the form of communication, identify who initiated the communication and why, what was communicated, and identify all of the people involved in the communication.

**Interrogatory No. 10:**

If Defendant JBS Live Pork, LLC contends that Plaintiff Gabriel Gonzalez failed to report to Defendant JBS Live Pork, LLC or its' agents as instructed on the status of his condition and need for a medical leave of absence, state with particularity all facts supporting the contention for each instance so deemed.

**Interrogatory No. 11:**

If Defendant JBS Live Pork, LLC contends Plaintiff Gabriel Gonzalez did not timely give notice that leave was requested under FMLA, state with particularity the facts supporting that contention for each and every instance so deemed.

**Interrogatory No. 12:**

If Defendant JBS Live Pork, LLC contends that Plaintiff Gabriel Gonzalez did not provide certification or sufficient certification or recertification of the serious health condition he had, state with particularity all facts supporting the contention for each and every absence so deemed.

**Interrogatory No. 13:**

Identify any employees of Defendant JBS Live Pork, LLC at its' 8295 Arenzville Road, Beardstown, IL 62618 location who requested medical leave(s) of absence, whether or not specified as FMLA leave, from January 2012 to the present date, and state for each employee whether his or her request was granted or denied, identify the people involved in making the decision, why the leave was granted or denied, and state whether Defendant required the employee to provide it with medical certification and whether the certification was given.

7

**Interrogatory No. 14:**

As to the decision to terminate Plaintiff Gabriel Gonzalez employment:

a)  Identify each person who had input into that decision, participated in that decision, finally made or executed that decision, and state the role of each person (e.g. recommended the decision, reviewed the decision, made the decision, communicated the decision, etc.);

b)  Specify the dates of and identify the participants in any and all discussions (verbal or written) in deciding to terminate Plaintiff's employment;

c)  Specify each reason for terminating Plaintiff's employment, and;

d)  Identify each document that was reviewed, used and/or created during the decision making process, provide a basis for the decision, or was used in an after the fact analysis of the decision.

**Interrogatory No. 15:**

List any and all employees who have been terminated since January 2012 for going over the maximum number of attendance points within a specific period, per the attendance policy and include the date of termination, the number of attendance points over the maximum attendance points and the supervisors, management or any person in a position of authority who participated in the action.

**Interrogatory No. 16:**

Please identify any and all experts defendants intend to call at trial.

**Interrogatory No. 17:**

For all experts identified in Interrogatory # 17, please state the following:

a. The subject matter of the expert's testimony

b. The expert's opinion on the subject matter of the testimony

8

c. The identity of any and all documents used in the formation of the expert's opinion

d. The identity of all documents containing the expert's opinion.

**Interrogatory No. 18:**

State whether you or anyone acting on your behalf has taken, has possession or control of, or knows of the existence of any statements, signed or unsigned, oral or written, from or by any persons who either have, or claim to have, knowledge concerning the facts alleged in the Complaint or Answer. For each such statement, identify each person who made the statement in question; the date(s) on which the statement(s) was given; and identify who took the statement(s).

Dated: September 4, 2018

Respectfully submitted,

/s/Yolanda Carrillo
One of Plaintiff's Attorneys

Yolanda Carrillo
The Legal Assistance Foundation - LAF
120 S. LaSalle St., Suite 900
Chicago, IL 60603
p: (312) 229-6363
f: (312) 612-1563
ycarrillo@lafchicago.org

## **Certificate of Service**

I hereby certify that on September 4, 2018, a copy of the foregoing Plaintiff Gabriel Gonzalez's FIRST SET OF INTERROGATORIES TO DEFENDANT JBS LIVE PORK, LLC was served via electronic mail to the following attorneys authorized to receive service on behalf of Defendant JBS Live Pork, LLC:

Ruth A. Horvatich and Aaron A. Clark
McGrath North Mullin & Kratz
1601 Dodge Street,
First National Tower Suite 3700
Omaha, Nebraska 68102
rhorvatich@mcgrathnorth.com
aclark@mcgrathnorth.com

Dated: 8/4/2018

/s/Yolanda Carrillo
One of Plaintiff's Attorneys

Yolanda Carrillo
The Legal Assistance Foundation - LAF
120 S. LaSalle St., Suite 900
Chicago, IL 60603
p: (312) 229-6363
f: (312) 612-1563
ycarrillo@lafchicago.org