**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| GABRIEL GONZALEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-cv-3044 |
| | ) | |
| JBS Live Pork, LLC; | ) | |
| JBS USA, LLC; and | ) | |
| SWIFT PORK COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Gabriel Gonzalez's Motion to Compel Defendants' Discovery Responses (d/e 24) (Motion). For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part.

## BACKGROUND

Gonzalez was employed at a meat processing plant (Plant) located in at 8295 Arenzville Road, Beardstown, Cass County, Illinois. Gonzalez alleges that Defendants JBS USA, LLC, now known as JBS USA Lux S.A. (JBS USA); JBS Live, LLC (JBS Live); and Swift Pork Company (Swift) jointly employed him at the Plant. Gonzalez alleges that the Defendants employed more than 50 employees within 75 miles of the Plant, and so,

were subject to the requirements of the Family Medical Leave Act (FMLA), 29 U.S.C. §§ 2611(2)(B) and 2611(4). Gonzalez alleges that he worked at the Plant for more than a year, and so, was entitled to leave under the FMLA. See First Amended Complaint, ¶¶ 1-18.

Gonzalez alleges that on or about March 1, 2016, he developed headaches and began bleeding from the nose and mouth. Gonzalez went to the emergency room at Passavant Hospital, Jacksonville, Illinois. Emergency room staff determined that the symptoms were caused by high blood pressure. Gonzalez was treated, but still had symptoms during the month of March 2016. Gonzalez was absent from work numerous days in March 2016 as a result of this condition. Gonzalez alleges that he promptly notified Defendants several times of his need for FMLA leave due to his condition. He alleges the Defendants fired him for excessive absences on March 30, 2016, in violation of his rights under the FMLA. He alleges a claim for interference with his rights under the FMLA and retaliation for exercising his rights under the FMLA. He alleges that Defendants did not act in good faith. He seeks back pay, prejudgment interest, liquidated damages equal to his back pay and prejudgment interest, reinstatement or front pay, and attorney's fees. First Amended Complaint, ¶¶ 22-55 and Prayer for Relief ¶¶ A-E.

On September 4, 2018, Gonzalez serve interrogatories and requests to produce on all three Defendants. On November 9, 2018, the Defendants provided written responses. Gonzalez found the responses to be deficient. The parties' counsel met and conferred to resolve the dispute without court action, but disputes remain. Gonzalez, therefore, filed this Motion.

The Court addresses the disputed discovery requests in order. The Court addresses the discovery requests to JBS USA and JBS Live together and then addresses the disputed discovery requests to Swift.

<u>JBS USA and JBS LIVE</u>

<u>Requests to Produce to JBS USA and JBS LIVE</u>

Gonzalez asks the Court to compel JBS USA and JBS Live to provide responsive documents to Requests to Produce (Requests) 1, 2, 3, 4, 5, 7, 8, 9 ,10, 11, 14, 15, 17, 18, 19, 20, 22, 24, 25, 27. The Court addresses the disputed request as follows.

<u>Request 1</u>

Request 1 asks for a copy of the articles of incorporation of Defendants JBS USA and JBS Live respectively.

<u>Motion</u>, Group Exhibit 2, <u>JBS USA Request Response</u>, 24-2 at 24 of 71;

<u>Motion</u>, Group Exhibit 2, <u>Defendant JBS Live, LLC's Responses to</u>

<u>Plaintiff's First Set of Requests to Produce (JBS Live Request Response)</u>, 24-2 at 48 of 71.[1] JBS USA responded:

> <u>Response:</u>  JBS USA objects to this request, pursuant to Federal Rule of Civil Procedure 26(b)(1), on the grounds that it is overbroad and not relevant to the subject matter of this action nor is it proportional to the needs of the case as at all times relevant to this action, Plaintiff was an employee of Swift Pork Company and was <u>not</u> an employee of JBS USA.

<u>JBS USA Request Response</u>, 24-2 at 24 of 71; <u>accord</u> <u>JBS Live Request Response</u>, 24-2 at 48 of 71.

The request to JBS Live and the response were similar.  The only differences were the references to JBS Live instead of JBS USA.  <u>JBS Request Response</u>, 24-2 at 24 of 71.  Throughout, Gonzalez's requests and interrogatories to JBS Live and JBS Live's responses, the only differences were references to  JBS Live instead of JBS USA.  The Court, therefore, does not quote the discovery requests directed to JBS Live separately from the requests to JBS USA because such quotes would be redundant.

The Defendants argue that the requested documents are irrelevant because only Swift employed Gonzalez.  The Defendants have submitted a Declaration of Nicholas White, General Counsel of Swift (Nicholas

---

[1] The Court uses the pagination assigned by the Court's CM/ECF system in referring to Group Exhibit 2. The CM/ECF pagination identifies the specific page in the Group Exhibit.  Also, some documents in the Group Exhibit 2 have no pagination.

Declaration).  <u>Exhibits to Defendants' Opposition to Plaintiff's Motion to Compel (d/e 27)</u>, Exhibit C, <u>Nicholas Declaration</u>.  Nicholas states that JBS USA is now a Luxembourg business entity JBS USA Lux, S.A.  Nicholas further states that JBS USA is a holding company and parent corporation that owns Swift.  Nicholas states that Swift operates the Plant and employed and discharged Gonzalez.  Nicholas states that JBS Live is a subsidiary of Swift.  Nicholas states that JBS Live operates live animal operations.  Nicholas states that JBS USA and JBS Live did not and do not own the Plant and did not employ anyone at the Plant, including Gonzalez.  <u>Nicholas Declaration</u>, ¶¶1-4.  The Defendants argue that the Defendants should not be required to produce any documents related to the organization of each Defendant or the relationship between each Defendant because only Swift was Gonzalez's employer and only Swift has any potential liability on his FMLA claims.

The Defendants' objections to Interrogatory 1 are overruled.  Gonzalez alleges that the Defendants jointly employed him.  Gonzalez alleges several documents indicated that JBS owned the Plant and employed him.  <u>Amended Complaint</u>, ¶¶ 15-16.  Those documents are sufficient to put at issue whether the Defendants were joint employers.

If two entities are joint employers of an individual, then both entities may be liable for violations of the FMLA.  29 C.F.R. § 825.106.  Section 106 of the regulations lists factors for determining whether entities are joint employers:

> a) Where two or more businesses exercise some control over the work or working conditions of the employee, the businesses may be joint employers under FMLA. Joint employers may be separate and distinct entities with separate owners, managers, and facilities. Where the employee performs work which simultaneously benefits two or more employers, or works for two or more employers at different times during the workweek, a joint employment relationship generally will be considered to exist in situations such as:
>
> > (1) Where there is an arrangement between employers to share an employee's services or to interchange employees;
> >
> > (2) Where one employer acts directly or indirectly in the interest of the other employer in relation to the employee; or,
> >
> > (3) Where the employers are not completely disassociated with respect to the employee's employment and may be deemed to share control of the employee, directly or indirectly, because one employer controls, is controlled by, or is under common control with the other employer.

29 C.F.R. § 825.106.  The Seventh Circuit has determined that these factors do not "provide much guidance in determining the parameters of what constitutes a joint-employment relationship."  Moldenhauer v. Tazewell-Pekin Consolidated Communications Center, 536 F.3d 640, 644

(7th Cir. 2008); see also Papa v. Katy Industries, Inc., 166 F.3d 937, 939-40

(7th Cir. 1999); Cuff v. Trans States Holdings, Inc., 768 F.3d 605, 608 (7th

Cir. 2014).  The Seventh Circuit has determined that generally joint

employer status turns primarily on whether each exercised control over the

working conditions of the employee:

> [W]e hold generally that for a joint-employer relationship to
> exist, each alleged employer must exercise control over the
> working conditions of the employee, although the ultimate
> determination will vary depending on the specific facts of each
> case.

Moldenhauer, 536 F.3d at 644; see also Whitaker v. Milwaukee County,

Wisconsin, 772 F.3d 802, 810 (7th Cir. 2014).[2]  The determination of joint

employment is "person specific." Each claimed joint employer must

exercise control over the working conditions of the specific employee at

issue.  Cuff, 768 F.3d at 608.

Affiliated entities, such as parent and subsidiary corporations, may

also be subject to joint employer liability if "traditional conditions [are]

present for 'piercing the veil' to allow a creditor . . . to sue the parent or

other affiliate."  Papa, 166 F.3d at 940.[3]

---

[2] The Seventh Circuit has also indicated that a parent corporation or other affiliated business entity may
be liable if the parent or affiliated business directly committed the wrongful act.  See Papa, 166 F.3d at
941.  In this case, the wrongful act was wrongfully terminating Gonzalez.  If JBS USA or JBS Live directly
fired Gonzalez they would have demonstrated sufficient control over the conditions of employment to be a
joint employer.
[3] Joint employer liability may also be found if "an organization divid[ed] itself into smaller entities with
fewer than the statutory minimum number of employees for the express purpose of avoiding FMLA

In light of these legal principals, the articles of incorporation of JBS USA and JBS Live may lead to evidence relevant to the question of whether joint employer status may be appropriate under the piercing the corporate veil theory. Whether companies maintain the corporate formalities is a factor is deciding whether to pierce the corporate veil. See Papa, 166 F.3d at 941. The Nicholas Declaration is not sufficient to avoid compliance with the document request. Gonzalez is entitled to see the documents and make his own analysis. The objection is overruled. JBS USA and JBS Live are directed to produce the documents in Request 1.

Request 2

Request 2 asks for a copy of the corporate bylaws of JBS USA. JBS USA responded:

> Response: JBS USA objects to this request, pursuant to Federal Rule of Civil Procedure 26(b)(l), on the grounds that it is overbroad and not relevant to the subject matter of this action nor is it proportional to the needs of the case as at all times relevant to this action, Plaintiff was an employee of Swift Pork Company and was not an employee of JBS USA. JBS USA further objects to this request as vague, overbroad, and unduly burdensome because it is not limited to a relevant time period.

---

obligations." Moldenhauer, 536 F.3d at 645. In this case, Swift admits that it was Gonzalez's employer and was subject to the FMLA. Defendants' Answer to Plaintiff's First Amended Complaint and Jury Demand (d/e 13), ¶¶ 5, 9. The Defendants, therefore, have not subdivided operations to avoid coverage by the FMLA.

JBS USA Request Response, 24-2 at 24 of 71 (emphasis in the original); accord JBS Live Request Response, 24-2 at 48 of 71. The objections are overruled in part and sustained in part. Bylaws may be relevant to whether Gonzalez may pierce the corporate veil to establish joint employer liability. Papa, 166 F.3d at 940. Gonzalez has agreed to modify his request to limit the request to the time period from January 1, 2015 to December 31, 2016. Motion, at 2. Defendants argue the time period should be limited to March 2016. Defendants' Opposition to Plaintiff's Motion to Compel (d/e 26) (Opposition), at 4. The Court finds the two-year time limitation is reasonable under the circumstances. Gonzalez is entitled to discover information about the relationship between these entities, and each relationship to employment at the plant. Gonzalez reasonably should be entitled to information from a reasonable period of time to discover the nature of this relationship. A month is too short for this purpose. Two years is a reasonable amount of time that will not put an undue burden on the Defendants. Defendants JBS USA and JBS Live are directed to produce any corporate bylaws in effect for the period from January 1, 2015 to December 31, 2016.

Request 3

Request 3 asks for a copy of each Defendant's organizational

structure.  JBS USA responded:

> Response: JBS USA objects to this request, pursuant to
> Federal Rule of Civil Procedure 26(b)(1), on the grounds that it
> is overbroad and not relevant to the subject matter of this action
> nor is it proportional to the needs of the case because at all
> times relevant to this action, Plaintiff was an employee of Swift
> Pork Company and was not an employee of JBS USA. JBS
> USA further objects to this request as vague, overbroad, and
> unduly burdensome because it is not limited to a relevant time
> period.

JBS USA Request Response, 24-2 at 25 of 71 (emphasis in the original);

accord JBS Live Request Response, 24-2 at 49 of 71.  The objections are

overruled in part and sustained in part.  The organizational structure of

each entity may be relevant to whether Gonzalez may pierce the corporate

veil to establish joint employer liability.  Papa, 166 F.3d at 940.  Gonzalez

has agreed to modify his request to limit the request to the time period from

January 1, 2015 to December 31, 2016.  Each of the Defendants JBS USA

and JBS Live is directed to produce copy of a document in its possession

that sets forth its organizational structure in effect for the period from

January 1, 2015 to December 31, 2016.

Request 4

Request 4 to JBS USA asked for:

Any and all documents, including personnel policies,
personnel handbooks, memorandum which refer to Defendant
JBS USA, LLC's company policies, including but not limited to,
medical leave policies.

<u>JBS USA Request Response</u>, 24-2 at 25 of 71. JBS US responded:

> <u>Response:</u> JBS USA objects to this request, pursuant to
> Federal Rule of Civil Procedure 26(b)(1), on the grounds that it
> is overbroad and not relevant to the subject matter of this action
> nor is it proportional to the needs of the case as at all times
> relevant to this action, Plaintiff was an employee of Swift Pork
> Company and was <u>not</u> an employee of JBS USA. JBS USA
> further objects to this request as vague, overbroad, and unduly
> burdensome because it is not limited to a relevant time period.
> Subject to and without waiver of these objections, JBS USA
> states that it has no documents responsive to this request
> which would have applied to Plaintiff as he was not employed
> by JBS USA.

<u>JBS USA Request Response</u>, 24-2 at 25 of 71 (emphasis in the original);

<u>accord</u>, <u>JBS Live Request Response</u>, 24-2 at 49 of 71.

The objections are sustained in part. JBS Live and JBS USA
objected to the request in its entirety. These documents may be relevant to
the extent the documents governed some aspect of Gonzalez's
employment at the Plant. The central issue is whether JBS Live or JBS
USA controlled Gonzalez's conditions of employment. <u>Moldenhauer</u>, 536
F.3d at 644. The JBS USA or JBS Live policies that related to operations
elsewhere from the Plant are not relevant and production of such
documents is not proportional to the needs of this case.

In this case, the issue of joint employment is person-specific.  <u>Cuff</u>, 768 F.3d at 608.  For purposes of discovery, Gonzalez should be entitled to any responsive documents that applied to anyone working at the Plant.  Such documents if they exist might lead to relevant evidence of the extent to which JBS USA or JBS Live controlled the employment of individuals at the Plant, including Gonzalez.  The Court orders JBS USA and JBS Live to provide any responsive documents that applied to any person employed at the Plant from January 1, 2015 to December 31, 2016.

JBS USA and JBS Live responded that they did not have responsive documents that applied to Gonzalez.  This response is not sufficient.  These Defendants said succinctly that they had no responsive documents in response to Requests 6, 12, 13, 21, 21, and 26.  JBS USA and JBS Live hedged their answers to this and other Requests.  Thus, the Court requires them to provide straightforward responses.  If JBS USA or JBS Live have no such documents that relate to the Plant, each may so state in each supplemental response.

<u>Request 5</u>

Request 5 asked JBS USA for:

Any and all documents, including personnel policies, personnel handbooks, memorandum which refer to Defendant JBS USA, LLC's company policies, including but not limited to, medical

leave policies used at the 8295 Arenzville Road, Beardstown, IL 62618 facility.

JBS USA Request Response, 24-2 at 25 of 71. JBS USA responded:

> Response: JBS USA objects to this request, pursuant to Federal Rule of Civil Procedure 26(b)(1), on the grounds that it is overbroad and not relevant to the subject matter of this action nor is it proportional to the needs of the case as at all times relevant to this action, Plaintiff was an employee of Swift Pork Company and was not an employee of JBS USA. JBS USA further objects to this request as vague, overbroad, and unduly burdensome because it is not limited to a relevant time period. Subject to and without waiver of these objections, JBS USA states that it has no documents responsive to this request which would have applied to Plaintiff as he was not employed by JBS USA and JBS USA does not have a facility located at 8295 Arenzville Road, Beardstown, IL 62618.

JBS USA Request Response, 24-2 at 25 of 71 (emphasis in the original);

accord JBS Request Response, 24-2 at 49 of 71.

The objections are sustained in part. For the reasons stated above, relevant documents are those that relate to employment at the Plant. JBS USA and JBS Live state that they do not have relevant responsive documents because they do not have facilities at the Plant's address. The issue is not whether either has facilities at that location, but whether either controlled the employment of individuals at that location. JBS USA and JBS Live must produce responsive documents to Request 5 that applied to any individual employed at the Plant from January 1, 2015 to December 31,

2016. If no such responsive documents exist, each should so state in each

supplemental response.

Request 7

Request 7 asked for:

Any and all documents, including policies, memorandums
regarding JBS USA, LLC's attendance policy.

JBS USA Request Response, 24-2 at 26 of 71. JBS USA responded:

Response: JBS USA objects to this request, pursuant to
Federal Rule of Civil Procedure 26(b)(1), on the grounds that it
is overbroad and not relevant to the subject matter of this action
nor is it proportional to the needs of the case as at all times
relevant to this action, Plaintiff was an employee of Swift Pork
Company and was not an employee of JBS USA. JBS USA
further objects to this request as vague, overbroad, and unduly
burdensome because it is not limited to a relevant time period.
Subject to and without waiver of these objections, JBS USA
states that it has no documents responsive to this request
which would have applied to Plaintiff as he was not employed
by JBS USA.

JBS USA Request Response, 24-2 at 26 of 71 (emphasis in the original);

accord JBS Request Response, 24-2 at 50 of 71.

The objections are sustained in part. For the reasons stated above,

documents related to operations other than at the Plant are not relevant

and production of those documents is not proportional to the needs of the

case. JBS USA and JBS Live must only produce responsive documents to

Request 7 if the documents applied to any individual employed at the Plant

from January 31, 2015 to December 31, 2016.  If no such responsive

documents exist, each should so state in each supplemental response.

Request 8

Request 8 asked for:

Any and all documents, including policies, memorandums regarding the attendance policy used at the 8295 Arenzville Road, Beardstown, IL 62618 facility.

JBS USA Request Response, 24-2 at 26 of 71.  JBS USA responded:

Response:  JBS USA objects to this request, pursuant to Federal Rule of Civil Procedure 26(b)(1), on the grounds that it is overbroad and not relevant to the subject matter of this action nor is it proportional to the needs of the case as at all times relevant to this action, Plaintiff was an employee of Swift Pork Company and was not an employee of JBS USA. JBS USA further objects to this request as vague, overbroad, and unduly burdensome because it is not limited to a relevant time period. Subject to and without waiver of these objections, JBS USA states that it has no documents responsive to this request which would have applied to Plaintiff as he was not employed by JBS USA and JBS USA does not have a facility located at 8295 Arenzville Road, Beardstown, IL 62618.

JBS Response Request, 24-2 at 26-27 of 71 (emphasis in the original);

accord JBS Request Response, 24-2 at 50-51 of 71.

The objections are sustained in part.  For the reasons stated above,

documents related to operations other than at the Plant are not relevant

and production of those documents is not proportional to the needs of the

case.  JBS USA and JBS Live must produce responsive documents to

Request 8 that applied to any individual employed at the Plant from

January 1, 2015 to December 31, 2016.  If no such responsive documents

exist, each should so state in each supplemental response.

Request 9

Request 9 asked for:

Any and all documents, including policies, memorandums
regarding JBS USA, LLC's FMLA policy and/or procedure and
any criteria used to assess requests.

JBS USA Request Response, 24-2 at 27 of 71.  JBS USA responded:

Response: JBS USA objects to this request, pursuant to
Federal Rule of Civil Procedure 26(b)(1), on the grounds that it
is overbroad and not relevant to the subject matter of this action
nor is it proportional to the needs of the case as at all times
relevant to this action, Plaintiff was an employee of Swift Pork
Company and was not an employee of JBS USA. JBS USA
further objects to this request as vague, overbroad, and unduly
burdensome because it is not limited to a relevant time period.
Subject to and without waiver of these objections, JBS USA
states that it has no documents responsive to this request
which would have applied to Plaintiff as he was not employed
by JBS USA.

JBS USA Request Response, 24-2 at 27 of 71 (emphasis in the original);

accord JBS Live Request Response, 24-2 at 51 of 71.

The objections are sustained in part.  For the reasons stated above,

documents related to operations other than at the Plant are not relevant

and production of those documents is not proportional to the needs of the

case.  JBS USA and JBS Live must produce responsive documents to

Request 9 that applied to any individual employed at the Plant from

January 1, 2015 to December 31, 2016.  If no such responsive documents

exist, each should so state in each supplemental response.

<u>Request 10</u>

Request 10 asked for:

Any and all documents, including policies, memorandums
regarding the FMLA policy and/or procedure and any criteria
used to assess requests at the 8295 Arenzville Road,
Beardstown, IL 62618 facility.

JBS USA Request Response, 24-2 at 27 of 71. JBS USA responded:

<u>Response:</u>  JBS USA objects to this request, pursuant to
Federal Rule of Civil Procedure 26(b)(1), on the grounds that it
is overbroad and not relevant to the subject matter of this action
nor is it proportional to the needs of the case as at all times
relevant to this action, Plaintiff was an employee of Swift Pork
Company and was <u>not</u> an employee of JBS USA. JBS USA
further objects to this request as vague, overbroad, and unduly
burdensome because it is not limited to a relevant time period.
Subject to and without waiver of these objections, JBS USA
states that it has no documents responsive to this request
which would have applied to Plaintiff as he was not employed
by JBS USA and JBS USA does not have a facility located at
8295 Arenzville Road, Beardstown, IL 62618.

<u>JBS Request Response</u>, 24-2 at 27 of 71 (emphasis in the original); <u>accord</u>

<u>JBS Request Response</u>, 24-2 at 51 of 71.

The objections are sustained in part.  JBS USA and JBS Live state

that they do not have relevant responsive documents because they do not

have facilities at the Plant's address.  The issue is not whether either has

facilities at that location, but whether either controls the employment of individuals at that location.  JBS USA and JBS Live, therefore, must produce responsive documents to Request 10 that applied to any individual employed at the Plant from January 1, 2015 to December 31, 2016.  If no such responsive documents exist, each should so state in each supplemental response.

Request 11

Request 11 asked for:

Any and all correspondence, including e-mail and faxes, between JBS Live Pork, LLC, JBS  USA, LLC and Swift Pork Company regarding leave policy and/or its' (sic) administration, including but not limited to FMLA.

JBS USA Request Response, 24-2 at 27 of 71.  JBS USA responded:

Response: JBS USA objects to this request, pursuant to Federal Rule of Civil Procedure 26(b)(1), on the grounds that it is overbroad and not relevant to the subject matter of this action nor is it proportional to the needs of the case as at all times relevant to this action, Plaintiff was an employee of Swift Pork Company and was not an employee of JBS USA. JBS USA further objects to this request as vague, overbroad, and unduly burdensome because it is not limited to a relevant time period or relevant subject matter.  JBS USA further objects to this request to the extent it seeks information which is protected by the attorney-client privilege and/or the work-product doctrine.

JBS USA Request Response, 24-2 at 28 of 71 (emphasis in the original) ;

accord JBS Request Response, 24-2 at 52 of 71.

The objections are sustained in part and overruled in part. The issue is whether the Defendants each controlled Gonzalez's employment at the Plant. Communications between the Defendants regarding leave policy, including FMLA policy, at the Plant may lead to relevant evidence of control over employment policies that affected Gonzalez. The Court orders Defendants JBS USA and JBS Live to produce correspondence, including e-mail and faxes, between JBS Live Pork, LLC, JBS USA, LLC and Swift Pork Company regarding leave policy and/or its administration at the Plant, including but not limited to FMLA, from January 1, 2015 to December 31, 2016.

Defendants' JBS USA and JBS Live's objections based on a claim that documents are protected by the attorney-client or work-product privileges is overruled. A claim of privilege is not a basis to object. Defendants JBS USA and JBS Live may withhold documents protected by privilege but must provide a privilege log that meets the requirements of Federal Rule of Civil Procedure 26(b)(5)(a).

Request 14

Request 14 to JBS USA asked for:

Any and all documents, including spreadsheets and reports used by Defendant JBS USA, LLC to track leave, including but not limited to FMLA.

, 24-2 at 29 of 71.  JBS USA responded:

> Response: JBS USA objects to this request, pursuant to
> Federal Rule of Civil Procedure 26(b)(1), on the grounds that it
> is overbroad and not relevant to the subject matter of this action
> nor is it proportional to the needs of the case as at all times
> relevant to this action, Plaintiff was an employee of Swift Pork
> Company and was not an employee of JBS USA. JBS USA
> further objects to this request as vague, overbroad, and unduly
> burdensome because it is not limited to a relevant time period.
> Subject to and without waiver of these objections, JBS USA
> states that it has no documents responsive to this request
> which would have applied to Plaintiff as he was not employed
> by JBS USA.

JBS USA Request Response, 24-2 at 29 of 71 (emphasis in the original);

accord JBS Request Response, 24-2 at 53 of 71.

The objections are sustained in part.  For the reasons discussed above, Defendants JBS USA and JBS Live are directed to produce any and all documents, including spreadsheets and reports used by Defendant JBS USA, LLC to track leave at the Plant between January 1, 2015 and December 31, 2016, including but not limited to FMLA.  If either JBS USA and JBS Live have no responsive documents, the respective Defendants should so state in its supplemental response.

Request 15

Request 15 to JBS USA asked for:

Any and all documents including but not limited to logs or
records that indicate entry access by Plaintiff Gabriel Gonzalez,
either manually, via keycard, finger or hand scan or any other

method, to the facility at 8295 Arenzville Road, Beardstown, IL 62618.

<u>JBS USA Request Response</u>, 24-2 at 29 of 71.  JBS USA responded:

> <u>Response:</u> JBS USA objects to this request, pursuant to Federal Rule of Civil Procedure 26(b)(1), on the grounds that it is overbroad and not relevant to the subject matter of this action nor is it proportional to the needs of the case as at all times relevant to this action, Plaintiff was an employee of Swift Pork Company and was <u>not</u> an employee of JBS USA. JBS USA further objects to this request as vague, overbroad, and unduly burdensome because it is not limited to a relevant time period. Subject to and without waiver of these objections, JBS USA states that it has no documents responsive to this request which would have applied to Plaintiff as he was not employed by JBS USA and JBS USA does not have a facility located at 8295 Arenzville Road, Beardstown, IL 62618.

<u>JBS USA Request Response</u>, 24-2 at 29 of 71 (emphasis in the original);

<u>accord</u> <u>JBS Request Response</u>, 24-2 at 53 of 71.

The objections are overruled except to the extent that the responsive documents are limited to documents that indicate access to the Plant by Plaintiff Gonzalez between January 1, 2015 and December 31, 2016.  Such documents may lead to relevant evidence of whether JBS USA or JBS Live had some control over the access to the Plant.  The request is narrowly tailored.  The Court only added the two-year time limit.  If JBS USA and JBS Live have no responsive documents, they can say so.

<u>Request 17</u>

Request 17 to JBS USA asked for:

> Any and all termination documents for any employee
> terminated based on the attendance policy, including but not
> limited to attendance points at the facility at 8295 Arenzville
> Road, Beardstown, IL 62618.

JBS USA Request Response, 24-2 at 30 of 71.  JBS USA responded:

> Response: JBS USA objects to this request, pursuant to
> Federal Rule of Civil Procedure 26(b)(1), on the grounds that it
> is overbroad and not relevant to the subject matter of this action
> nor is it proportional to the needs of the case as at all times
> relevant to this action, Plaintiff was an employee of Swift Pork
> Company and was not an employee of JBS USA. JBS USA
> further objects to this request as vague, overbroad, and unduly
> burdensome because it is not limited to a relevant time period.
> Subject to and without waiver of these objections, JBS USA
> states that it has no documents responsive to this request
> which would have applied to Plaintiff as he was not employed
> by JBS USA and JBS USA does employ individuals at a facility
> located at 8295 Arenzville Road, Beardstown, IL 62618.

JBS USA Request Response, 24-2 at 30 of 71 (emphasis in the original);

accord JBS Request Response, 24-2 at 54 of 71.

The objections are sustained in part.  The request is overly broad and

not proportional to the needs of the case because the request is not limited

to terminations at the Plant between January 31, 2015 and December 31,

2016.  Such documents might lead to relevant evidence that these

Defendants had some control over the employees at the Plant.  The Court

directs JBS USA and JBS Live to produce any and all termination

documents for any employee terminated at the Plant between January 31,

2015 and December 31, 2016 based on the attendance policy, including

but not limited to attendance points.  If either JBS USA and JBS Live has no such documents, it may say so in its supplemental response.

<u>Request 18</u>

Request 18 to JBS USA asked for:

Any and all correspondence, including e-mail and faxes, between JBS Live Pork, LLC, JBS USA, LLC and Swift Pork Company regarding discipline, including but not limited to termination.

<u>JBS USA Request Response</u>, 24-2 at 30 of 71.  JBS Live responded:

<u>Response:</u> JBS USA objects to this request, pursuant to Federal Rule of Civil Procedure 26(b)(1), on the grounds that it is overbroad and not relevant to the subject matter of this action nor is it proportional to the needs of the case as at all times relevant to this action, Plaintiff was an employee of Swift Pork Company and was <u>not</u> an employee of JBS USA. JBS USA further objects to this request as vague, overbroad, and unduly burdensome because it is not limited to a relevant time period or relevant subject matter. JBS USA further objects to this request to the extent it seeks information which is protected by the attorney-client privilege and/or the work-product doctrine.

<u>JBS USA Request Response</u>, 24-2 at 30 of 71 (emphasis in the original); <u>accord</u> <u>JBS Request Response</u>, 24-2 at 54 of 71.

The objections are sustained because the request is not limited to documents related to employee discipline at the Plant.  The request asks for information from every facility throughout the United States.  <u>See</u> <u>Amended Complaint</u>, ¶ 11 (JBS USA is one of the largest meat processing companies in the world with locations throughout the United States.).

Request 18 is also redundant of Request 19.  Both ask for "Any and all

correspondence, including e-mail and faxes, between JBS Live Pork, LLC,

JBS USA, LLC and Swift Pork Company regarding discipline."

<u>Request 19</u>

>Request 19 asked JBS USA for:

>Any and all correspondence, including e-mail and faxes, between JBS Live Pork, LLC, JBS USA, LLC and Swift Pork Company regarding discipline, including but not limited to termination based on the attendance policy, including but not limited to attendance points at 8295 Arenzville Road, Beardstown, IL 62618.

<u>JBS USA Request Response</u>, 24-2 at 30 of 71.  JBS USA responded:

>Response: JBS USA objects to this request, pursuant to Federal Rule of Civil Procedure 26(b)(1), on the grounds that it is overbroad and not relevant to the subject matter of this action nor is it proportional to the needs of the case as at all times relevant to this action, Plaintiff was an employee of Swift Pork Company and was <u>not</u> an employee of JBS USA. JBS USA further objects to this request as vague, overbroad, and unduly burdensome because it is not limited to a relevant time period or relevant subject matter. JBS USA further objects to this request to the extent it seeks information which is protected by the attorney-client privilege and/or the work-product doctrine.

<u>JBS USA Request Response</u>, 24-2 at 31 of 71 (emphasis in the original)

accord <u>JBS Request Response</u>, 24-2 at 55 of 71.

The objections are sustained to the extent that the request is not

limited to discipline at the Plant.  The Court directs Defendants JBS USA

and JBS Live to produce any and all correspondence, including e-mail and

faxes, between JBS Live Pork, LLC, JBS USA, LLC and Swift Pork

Company regarding discipline at the Plant between January 1, 2015 and

December 31, 2016, including but not limited to termination based on the

attendance policy, including but not limited to attendance points. Such

documents may provide information relevant to the issue of which entity

controlled employment at the Plant.

Again, the Defendants' objections based on claims of privilege are

overruled. Defendants may withhold responsive privileged documents but

must produce a proper privilege log. Fed. R. Civ. P. 26(b)(5)(a).

Request 20

Request 20 to JBS USA asked for:

Any and all telephone records for the "absentee line" provided
by Defendant JBS USA, LLC to its' employees for the facility at
8295 Arenzville Road, Beardstown, IL 62618

JBS USA Request Response, 24-2 at 31 of 71. JBS USA responded:

Response: JBS USA objects to this request, pursuant to
Federal Rule of Civil Procedure 26(b)(1), on the grounds that it
is overbroad and not relevant to the subject matter of this action
nor is it proportional to the needs of the case as at all times
relevant to this action, Plaintiff was an employee of Swift Pork
Company and was not an employee of JBS USA. JBS USA
further objects to this request as vague, overbroad, and unduly
burdensome because it is not limited to a relevant time period.
Subject to and without waiver of these objections, JBS USA
states that it has no documents responsive to this request
which would have applied to Plaintiff as he was not employed

by JBS USA and JBS USA does not employ individuals at any facility located at 8295 Arenzville Road, Beardstown, IL 62618.

JBS USA Request Response, 24-2 at 31 of 71 (emphasis in the original); accord JBS Request Response, 24-2 at 55 of 71.

The objections are sustained to the extent that the question presumes JBS USA or JBS Live has employees at the Plant. The Court however directs Defendants JBS USA and JBS Live to produce all telephone records for the "absentee line" provided to individuals employed at the Plant between January 31, 2015 and December 31, 2016. The information may, again, be relevant to the question of which entity controlled the conditions of employment of Gonzalez. If either JBS USA or JBS Live has no responsive documents, it may say so in its supplemental response.

Request 22

Request 22 to JBS USA asked for:

Any and all FMLA denials by Defendant JBS USA, LLC for employees employed at its 8295 Arenzville Road, Beardstown, IL 62618 facility.

JBS USA Request Response, 24-2 at 32 of 71. JBS USA responded:

Response: JBS USA objects to this request, pursuant to Federal Rule of Civil Procedure 26(b)(1), on the grounds that it is overbroad and not relevant to the subject matter of this action nor is it proportional to the needs of the case as at all times relevant to this action, Plaintiff was an employee of Swift Pork

Company and was <u>not</u> an employee of JBS USA. JBS USA
further objects to this request as vague, overbroad, and unduly
burdensome because it is not limited to a relevant time period.
Subject to and without waiver of these objections, JBS USA
states that it has no documents responsive to this request
which would have applied to Plaintiff as he was not employed
by JBS USA and JBS USA does not employ any individuals at
any facility located at 8295 Arenzville Road, Beardstown, IL
62618.

<u>JBS USA Request Response</u>, 24-2 at 32 of 71 (emphasis in the original);

<u>accord</u> <u>JBS Request Response</u>, 24-2 at 56 of 71.

The objections are sustained to the extent that the question

presumes JBS USA or JBS Live has employees at the Plant. The Court

however directs Defendants JBS USA and JBS Live to produce any and all

FMLA leave denials for employees at the Plant between January 1, 2015

and December 31, 2016. If either JBS USA or JBS Live has no responsive

documents, it may say so in its supplemental response.

<u>Request 24</u>

Request 24 to JBS USA asked for:

Any and all documents that show the legal relationship between
JBS Live Pork, LLC, JBS USA, LLC and Swift Pork Company.

JBS USA Request Response, 24-2 at 32 of 71. JBS USA responded:

<u>Response:</u> JBS USA objects to this request, pursuant to
Federal Rule of Civil Procedure 26(b)(1), on the grounds that it
is overbroad and not relevant to the subject matter of this action
nor is it proportional to the needs of the case because at all
times relevant to this action Plaintiff was an employee of Swift

Pork Company and was <u>not</u> an employee of JBS Live Pork, LLC or JBS USA, LLC. JBS USA further objects to this request as vague, overbroad, and unduly burdensome because it is not limited to a relevant time period or relevant subject matter.

<u>JBS USA Request Response</u>, 24-2 at 32-33 of 71 (emphasis in the original) <u>accord</u> <u>JBS Request Response</u>, 24-2 at 57 of 71.

The Court sustains the objections that the request is not proportional to the needs of the case. JBS USA and JBS Live will provide articles of incorporation, bylaws, and copies of their corporate structure. In addition, the Nicholas Declaration sets forth the legal relationship between the Defendants. This information is sufficient. Ordering these Defendants to produce additional documents at this time would be cumulative and not proportional to the needs of the case.

<u>Request 25</u>

Request 25 to JBS USA asked for:

Any and all documents that show the business relationship between JBS Live Pork, LLC, JBS USA, LLC and Swift Pork Company.

<u>JBS USA Request Response</u>, 24-2 at 33 of 71. JBS USA responded:

<u>Response:</u> JBS USA objects to this request, pursuant to Federal Rule of Civil Procedure 26(b)(1), on the grounds that it is overbroad and not relevant to the subject matter of this action nor is it proportional to the needs of the case because at all times relevant to this action Plaintiff was an employee of Swift Pork Company and was <u>not</u> an employee of JBS Live Pork, LLC or JBS USA, LLC. JBS USA further objects to this request

as vague, overbroad, and unduly burdensome because it is not limited to a relevant time period or relevant subject matter.

JBS Request Response, 24-2 at 33 of 71 (emphasis in the original); accord

JBS Request Response, 24-2 at 57 of 71.

The Court sustains the objection that the request is vague and not proportional to the needs of the case. The term "business relationship" is undefined and vague. The request also is not limited to their relationship with respect to employees at the Plant. The request is also cumulative for the same reasons as Request 24.

Request 27

Request 27 to JBS USA asked for:

A copy of all business documents used by Defendant JBS USA, LLC including but not limited to letterhead and PAF Form (Personnel Action Form).

JBS USA Request Response, 24-2 at 33 of 71. JBS USA responded:

Response: JBS USA objects to this request, pursuant to Federal Rule of Civil Procedure 26(b)(1), on the grounds that it is overbroad and not relevant to the subject matter of this action nor is it proportional to the needs of the case as at all times relevant to this action, Plaintiff was an employee of Swift Pork Company and was not an employee of JBS Live. JBS Live further objects to this request as vague, overbroad, and unduly burdensome because it is not limited to a relevant time period or subject matter.

JBS USA Request Response, 24-2 at 33 of 71 (emphasis in the original)

accord JBS Request Response, 24-2 at 58 of 71.

The Court sustains the objection that the request is overly broad and not proportional to the needs of the case. A request for all business documents is extremely broad and not at all limited to documents relevant to this case. The Court, in its discretion, directs JBS USA and JBS Live to produce a copy of its letterhead and any Personnel Action Form used between January 1, 2015 and December 31, 2016. These documents may be relevant or lead to relevant evidence about which entity controlled employment decisions at the Plant. See Amended Complaint ¶ 16 (Gonzalez alleges that documents that he received during his employment, including his termination letter, identified JBS as his employer).

Interrogatories to JBS USA and JBS LIVE

Gonzalez asks the Court to compel additional responses to Interrogatories 3, 5, 13, and 15. The Court addresses each below.

Interrogatory 3

Interrogatory 3 to JBS USA asked:

Describe the process by which Defendant JBS USA, LLC notifies its employees that they are being disciplined for violation of the attendance policy.

Motion, Group Exhibit 2, Defendant JBS USA, LLC's Answers to Plaintiff's First Set of Interrogatories (JBS USA Interrogatory Response), 24-2 at 37 of 71. JBS USA responded:

Answer: JBS USA objects to this interrogatory, pursuant to Federal Rule of Civil Procedure 26(b)(1), on the grounds that it is not relevant to the subject matter of this action nor is it proportional to the needs of the case as at all times relevant to this action, Plaintiff was an employee of Swift Pork Company and was <u>not</u> an employee of JBS USA. JBS USA further objects to this interrogatory as vague, overbroad, and unduly burdensome because it is not limited to a relevant time period. Subject to and without waiving these objections, JBS USA states that any JBS USA policies are wholly irrelevant to this action as they would not have applied to Plaintiff because he was at all relevant times an employee of Swift Pork Company and not an employee of JBS USA.

<u>JBS Interrogatory Response</u>, 24-2 at 37 of 71 (emphasis in the original);

<u>accord</u> <u>Motion</u>, Group Exhibit 2, <u>Defendant JBS Live Pork, LLC's Answers to Plaintiff's First Set of Interrogatories (JBS Live Interrogatory Response)</u>, 24-2 at 62 of 71.

The objections are allowed in part. The issue is, again, whether JBS USA or JBS Live controlled Gonzalez's conditions of employment. Control of employees at other facilities is irrelevant. As explained above, control of persons employed at the Plant may lead to relevant evidence. The Court, therefore, directs JBS USA and JBS Live to describe the process by which Defendant JBS USA or JBS Live, respectively, has notified any person employed at the Plant that such person is being disciplined for violation of the attendance policy between January 1, 2015 and December 31, 2016. If

either JBS USA or JBS Live has not done so, it should say so in its

supplemental answer.

<u>Interrogatory 5</u>

Interrogatory 5 to JBS USA asked:

Please state, in detail, Defendant JBS USA, LLC's policy and/or procedure governing medical leave requests, including the processing and determinations of those requests that are submitted by its employees. If the policy and/or procedure changed, please describe in detail when and what the change(s) occurred.

<u>JBS USA Interrogatory Response</u>, 24-2 at 38 of 71.  JBS USA responded:

<u>Answer:</u> JBS USA objects to this interrogatory, pursuant to Federal  Rule  of  Civil Procedure 26(b)(1), on the grounds that it is not relevant to the subject matter of this action nor is it proportional to the needs of the case as at all times relevant to this action, Plaintiff was an employee of Swift Pork Company and was <u>not</u> an employee of JBS USA. JBS USA further objects to this interrogatory as vague, overbroad, and unduly burdensome because it is not limited to a relevant time period. Subject to and without waiving these objections, JBS USA states that any JBS USA policies are wholly irrelevant to this action as they would not have applied to Plaintiff because he was at all relevant times an employee of Swift Pork Company and not an employee of JBS USA.

JBS USA Interrogatory Response, 24-2 at 38 of 71 (emphasis in the

original) <u>accord</u> <u>JBS Live Interrogatory Response</u>, 24-2 at 63 of 71.

The objection is again sustained in part to the extent the request

seeks information about persons not employed at the Plant.  The Court

directs JBS USA and JBS Live to state, in detail, JBS USA or JBS Live's

policy and/or procedure governing medical leave requests that were submitted by persons employed at the Plant between January 1, 2015 and December 31, 2016, including the processing and determinations of those requests. If the policy and/or procedure changed, please describe in detail when and what change(s) occurred. If either JBS USA or JBS Live did not any have policies or procedures that applied to any person employed at the Plant during the relevant dates, it may say so in the supplemental response.

<u>Interrogatory 13</u>

Interrogatory 13 to JBS USA asked:

Identify any employees of Defendant JBS USA, LLC at its' (sic) 8295 Arenzville Road, Beardstown, IL 62618 location who requested medical leave(s) of absence, whether or not specified as FMLA leave, from January 2012 to the present date, and state for each employee whether his or her request was granted or denied, identify the people involved in making the decision, why the leave was granted or denied, and state whether Defendant required the employee to provide it with medical certification and whether the certification was given.

<u>JBS USA Interrogatory Response</u>, 24-2 at 41-42 of 71. JBS USA responded:

<u>Answer:</u> JBS USA objects to this interrogatory, pursuant to Federal Rule of Civil Procedure 26(b)(1), on the grounds that it is not relevant to the subject matter of this action nor is it proportional to the needs of the case as at all times relevant to this action, Plaintiff was an employee of Swift Pork Company and was <u>not</u> an employee of JBS USA. JBS USA further

objects to this request as overbroad and unduly burdensome because the time period specified is overbroad. Subject to and without waiver of these objections, JBS USA states that it does not have a facility located at 8295 Arenzville Road, Beardstown, IL 62618.

JBS USA Interrogatory Response, 24-2 at 42 of 71 (emphasis in the original); accord JBS Live Interrogatory Response, 24-2 at 66 of 71.

The objections are sustained in part. Gonzalez is entitled to know whether JBS USA or JBS Live granted or denied any leave request for any person employed at the Plant from January 1, 2012 to December 31, 2016. The Court directs JBS USA and JBS Live to each state whether it granted or denied any request for medical leave by any person employed at the Plant from January 1, 2012, to December 31, 2016. If so, state for each employee whether his or her request was granted or denied, identify the people involved in making the decision, why the leave was granted or denied, and state whether Defendant required the employee to provide it with medical certification and whether the certification was given. If either JBS USA or JBS Live did not grant or deny any such request for leave for a person employed at the Plant during the relevant time, it should say so in its supplemental response.

Interrogatory 15

Interrogatory 15 to JBS USA asked:

List any and all employees who have been terminated since January 2012 for going over the maximum number of attendance points within a specific period, per the attendance policy and include the date of termination, the number of attendance points over the maxim um attendance points and the supervisors, management or any person in a position of authority who participated in the action.

JBS US Interrogatory Response, 24-2 at 43 of 71. JBS USA responded:

Answer: JBS USA objects to this interrogatory, pursuant to Federal Rule of Civil Procedure 26(b)(1), on the grounds that it is not relevant to the subject matter of this action nor is it proportional to the needs of the case as at all times relevant to this action, Plaintiff was an employee of Swift Pork Company and was not an employee of JBS USA. JBS USA further objects to this request as overbroad and unduly burdensome because the time period specified is overbroad.

JBS Interrogatory Response, 24 -2 at 43 of 71 (emphasis in the original);

accord JBS Live Interrogatory Response, 24-2 at 57 of 71.

The objections are allowed in part. Gonzalez is allowed to know whether JBS USA or JBS Live terminated any person employed at the Plant between January 1, 2012 and December 31, 2016. The Court directs JBS USA and JBS Live to each list any and all persons employed at the Plant that it terminated between January 1, 2012 and December 31, 2016 because such person went over the maximum number of attendance points within a specific period, per the attendance policy and include the date of termination, the number of attendance points over the maximum attendance points and the supervisors, management, or any person in a

position of authority who participated in the action.  If either JBS USA or JBS Live did not terminate any person employed at the Plant during the relevant period, it may say so in its supplemental response.

SWIFT

## Requests to Produce to Swift

Gonzalez asks the Court to compel additional responses to Requests 1, 2, 3, 11, 17, 18, 19, 20, 21, 22, 23, 24, 25, and 27.  The Court addresses each below.

## Requests 1, 2, 3

Requests 1, 2, and 3 are the same as the first three requests to JBS USA and JBS Live: articles of incorporation, bylaws, and organizational structure.  Swift is directed to provide the requested documents for the period from January 1, 2015 to December 31, 2016 for the reasons discussed above with respect to the requests directed at JBS USA and JBS Live.

## Request 11

Request 11 to Swift asked:

Any and all correspondence, including e-mail and faxes, between JBS Live Pork, LLC, JBS USA, LLC and Swift Pork Company regarding leave policy and/or its' administration, including but not limited to FMLA.

Motion, Group Exhibit 2, Defendant Swift Pork Company's Responses to Plaintiff's First Set of Requests to Produce (Swift Request Response), 24-2 at 5 of 71. Swift responded:

> Response:   Swift Pork objects to this request, pursuant to Federal Rule of Civil Procedure 26(b)(1), on the grounds that it is overbroad and not relevant to the subject matter of this action nor is it proportional to the needs of the case as at all times relevant to this action, Plaintiff was an employee of Swift Pork Company and was not an employee of JBS Live Pork, LLC or JBS USA, LLC. Swift Pork further objects to this request as vague, overbroad, and unduly burdensome because it is not limited to a relevant time period or relevant subject matter. Swift Pork further objects to this request to the extent it seeks information which is protected by the attorney-client privilege and/or the work-product doctrine.

Swift Request Response, at 24-2 5 of 71 (emphasis in the original).

The objections are sustained in part and overruled in part. The issue is whether the Defendants each controlled the conditions of Gonzalez's employment at the Plant. Communications between the Defendants regarding leave policy, including FMLA policy, at the Plant may lead to relevant evidence of control over employment policies that affected Gonzalez. The Court orders Defendant Swift to produce correspondence, including e-mail and faxes, between JBS Live, JBS  USA and Swift regarding leave policy and/or its' administration at the Plant from January 1, 2015 to December 31, 2016, including but not limited to FMLA leave.

Defendant Swift's objections based on a claim that documents are protected by the attorney-client or work-product privileges is overruled.  A claim of privilege is not a basis to object.  Defendant Swift may withhold documents protected by privilege but must provide a privilege log that meets the requirements of Federal Rule of Civil Procedure 26(b)(5)(A).

Request 18

Request 18 to Swift asked for:

Any and all correspondence, including e-mail and faxes, between JBS Live Pork, LLC, JBS USA, LLC and Swift Pork Company regarding discipline, including but not limited to termination.

Swift Request Response, at 7 of 71.  Swift responded:

Response: Swift Pork objects to this request, pursuant to Federal Rule of Civil Procedure 26(b)(1), on the grounds that it is overbroad and not relevant to the subject matter of this action nor is it proportional to the needs of the case as at all times relevant to this action, Plaintiff was an employee of Swift Pork Company and was not an employee of JBS Live Pork, LLC or JBS USA, LLC. Swift Pork further objects to this request as vague, overbroad, and unduly burdensome because it is not limited to a relevant time period or relevant subject matter. Swift Pork further objects to this request to the extent it seeks information which is protected by the attorney-client privilege and/or the work-product doctrine.

Swift Request Response, 24-2 at 7 of 71 (emphasis in the original).

The objections are sustained because the request is not limited to documents related to employee discipline at the Plant.  The request asks

for information from every facility. Request 18 is also redundant of Request

19.  Both ask for "Any and all correspondence, including e-mail and faxes,

between JBS Live Pork, LLC, JBS USA, LLC and Swift Pork Company

regarding discipline."

<u>Request 19</u>

Request 19 to Swift asked for:

Any and all correspondence, including e-mail and faxes, between JBS Live Pork, LLC, JBS USA, LLC and Swift Pork Company regarding discipline, including but not limited to termination based on the attendance policy, including but not limited to attendance points at 8295 Arenzville Road, Beardstown, IL 62618.

<u>Swift Request Response</u>, 24-2 at 7 of 71.  Swift responded:

<u>Response:</u> Swift Pork objects to this request, pursuant to Federal Rule of Civil Procedure 26(b)(1), on the grounds that it is overbroad and not relevant to the subject matter of this action nor is it proportional to the needs of the case as at all times relevant to this action, Plaintiff was an employee of Swift Pork Company and was <u>not</u> an employee of JBS Live Pork, LLC or JBS USA, LLC. Swift Pork further objects to this request as vague, overbroad, and unduly burdensome because it is not limited to a relevant time period or relevant subject matter. Swift Pork further objects to this request to the extent it seeks information which is protected by the attorney-client privilege and/or the work-product doctrine.

<u>Swift Request Response</u>, 24-2 at 8 of 71 (emphasis in the original).

The objections are sustained to the extent that the request is not

limited to discipline at the Plant.  The Court directs Defendant Swift to

produce Any and all correspondence, including e-mail and faxes, between JBS Live, LLC, JBS USA, and Swift regarding discipline at the Plant between January 1, 2015 and December 31, 2016, including but not limited to termination based on the attendance policy, including but not limited to attendance points. Such documents may provide information relevant to the issue of which entity controlled employment at the Plant.

Again, the Defendant's objections based on claims of privilege are overruled. Defendants may withhold responsive privileged documents but must produce a proper privilege log. Fed. R. Civ. P. 26(b)(5)(a).

Request 20

Request 20 to Swift asked for:

Any and all telephone records for the "absentee line" provided by Defendant Swift Pork Company to its' (sic) employees for the facility at 8295 Arenzville Road, Beardstown, IL 62618.

Swift Request Response, 24-2 at 8 of 71. Swift responded:

Response: Swift Pork objects to this request as vague, overbroad, and unduly burdensome because it is not limited to a relevant time period or relevant subject matter or specific employee or phone number.

Swift Request Response, 24-2 at 8 of 71 (emphasis in the original).

The objections are sustained in part and overruled in part. The Court directs Swift to produce the requested information for the time period from January 1, 2015 to December 31, 2016. The records may be relevant to

whether Gonzalez was treated differently from other employees who used the "absentee line." This evidence may be relevant to the claim of retaliation if Swift singled Gonzalez out for different treatment for asserting his rights under the FMLA.

The evidence may also be relevant to whether Swift acted in good faith. Gonzalez seeks liquidated damages against Defendants. Liquidated damages are presumed unless the employer can demonstrate that it acted in good faith and had reasonable grounds to believe that it did not violate Gonzalez's rights under the FMLA. If the Defendants cannot overcome this presumption, the Court may, in its discretion, impose liquidated damages or reduce the amount of liquidated damages. 29 U.S.C. § 2617(a)(1)(A)(iii). Evidence of Swift's treatment of other employees who used the absentee line may lead to relevant evidence of whether Swift treated Gonzalez differently because he asserted his rights under the FMLA. Such evidence may relate to whether Swift acted in good faith in its treatment of Gonzalez and whether it had a reasonable basis to believe it did not violate Gonzalez's rights.

Request 21

Request 21 to Swift asked for:

Any and all communications, including but not limited to emails, memos faxes, and text messages referencing Plaintiff Gabriel Gonzalez.

<u>Swift Request Response</u>, 24-2 at 8 of 71.  Swift responded:

<u>Response:</u>  Swift Pork objects to this request to the extent it seeks information which is protected by the attorney-client privilege and/or the work-product doctrine. Swift Pork further objects to this request as vague, overbroad, and unduly burdensome because it is not limited to a relevant time period or relevant subject matter.

<u>Swift Request Response</u>, 24-2 at 8 of 71.

The objections are overruled in part.  The Court directs Swift to provide the responsive documents originally sent during the period from January 1, 2015 to December 31, 2016.  Swift again may withhold responsive privileged documents but must provide a privilege log.  Fed. R. Civ. P. 26(b)(5)(A).

<u>Request 22</u>

Request 22 to Swift asked for:

Any and all FMLA denials by Defendant Swift Pork Company for employees employed at its 8295 Arenzville Road, Beardstown, IL 62618 facility.

<u>Swift Request Response</u>, 24-2 at 8 of 71.  Swift responded:

<u>Response:</u>  Swift Pork objects to this request, pursuant to Federal Rule of Civil Procedure 26(b)(1), on the grounds that it is not relevant to the subject matter of this action nor is it proportional to the needs of the case because Plaintiff does not allege that he was treated differently than any other employee

employed by Swift Pork at its 8295 Arenzville Road, Beardstown, IL 62618 location. Information related to other employee medical leaves is wholly irrelevant to this action based upon the allegations contained in Plaintiff s complaint. Swift Pork further objects to this request as vague, overbroad, and unduly burdensome because it is not limited to a relevant time period.

Swift Request Response, 24-2 at 9 of 71.  The objections are overruled in part.  Swift is directed to produce responsive documents for FMLA denials between January 1, 2015 and December 31, 2016.  The Court believes Swift's treatment of other FMLA requests may be relevant to the question of whether Swift treated Gonzalez differently in retaliation for exercising his rights under the FMLA.

Request 23

Request 23 to Swift asked for:

A copy of all contracts Defendant Swift Pork Company has entered into, including but not limited to loans, equipment, goods, personnel or  otherwise for, on behalf of the 8295 Arenzville Road, Beardstown, IL 62618 facility.

Swift Request Response, 24-2 at 24-2 9 of 71.  Swift responded:

Response: JBS Live (sic) objects to this request, pursuant to Federal Rule of Civil Procedure 26(b)(1), on the grounds that it is overbroad and not relevant to the subject matter of this action nor is it proportional to the needs of the case because Plaintiff s complaint contains no allegations relating to contracts entered into by Swift Pork and contracts unrelated to Plaintiff s employment are wholly unrelated to this action. Swift Pork further objects to this request as vague, overbroad, and unduly

burdensome because it is not limited to a relevant time period
or relevant subject matter.

<u>Swift Request Response</u>, 24-2 at 24-2 9 of 71.

The objection is sustained.  A request for all contracts is overly broad

and not proportional to the needs of the case.

<u>Request 24</u>

Request 24 to Swift asked for:

Any and all documents that show the legal relationship between
JBS Live Pork, LLC, JBS USA, LLC and Swift Pork Company.

<u>Swift Request Response</u>, 24-2 at 9 of 71.  Swift responded:

<u>Response:</u> Swift Pork objects to this request, pursuant to
Federal Rule of Civil Procedure 26(b)(1), on the grounds that it
is overbroad and not relevant to the subject matter of this action
nor is it proportional to the needs of the case because at all
times relevant to this action Plaintiff was an employee of Swift
Pork Company and was <u>not</u> an employee of JBS Live Pork,
LLC or JBS USA, LLC.  Swift Pork further objects to this
request as vague, overbroad, and unduly burdensome because
it is not limited to a relevant time period or relevant subject
matter.

<u>Swift Request Response</u>, 24-2 at 9 of 71 (emphasis in the original).

The Court sustains the objections that the request is not proportional

to the needs of the case.  Swift will provide articles of incorporation, bylaws,

and copies of their corporate structure in response to Requests 1-3.  In

addition, the Nicholas Declaration sets forth the legal relationship between

the Defendants.  This information is sufficient.  Ordering Swift to produce

additional documents at this time would be cumulative and not proportional

to the needs of the case.

Request 25

Request 25 to Swift asked for:

Any and all documents that show the business relationship between JBS Live Pork, LLC, JBS USA, LLC and Swift Pork Company.

Swift Response Request, 24-2 at 9 of 71.  Swift responded:

Response:   Swift Pork objects to this request, pursuant to Federal Rule of Civil Procedure 26(b)(1), on the grounds that it is overbroad and not relevant to the subject matter of this action nor is it proportional to the needs of the case because at all times relevant to this action Plaintiff was an employee of Swift Pork Company and was not an employee of JBS Live Pork, LLC or JBS USA, LLC. Swift Pork further objects to this request as vague, overbroad, and unduly burdensome because it is not limited to a relevant time period or relevant subject matter.

Swift Request Response, 24-2 at 9-10 of 71.

The Court sustains the objection that the request is vague and not

proportional to the needs of the case.  The term "business relationship" is

undefined and vague.  The request also is not limited to their relationship

with respect to employees at the Plant.  The request is also cumulative for

that same reasons as Request 24.

Request 27

Request 27 to Swift asked for:

A copy of all business documents used by Defendant Swift
Pork Company including but not limited to letterhead and PAP
Form (Personnel Action Form).

<u>Swift Request Response</u>, at 24-2 10 of 71.  Swift responded:

<u>Response:</u> Swift Pork objects to this request, pursuant to
Federal Rule of Civil Procedure 26(b)(1), on the grounds that it
is overbroad and not relevant to the subject matter of this action
nor is it proportional to the needs of the case. Swift Pork further
objects to this request as vague, overbroad, and unduly
burdensome because it is not limited to a relevant time period
or subject matter.

<u>Swift Request Response</u>, 24-2 at 10 of 71.

The Court sustains the objection that the request is overly broad and

not proportional to the needs of the case.  A request for all business

documents is extremely broad and not at all limited to documents relevant

to this case.  The Court, in its discretion, directs Swift to produce a copy of

its letterhead and any Personnel Action Form used between January 1,

2015  and December 31, 2016.  These documents may be relevant or lead

to relevant evidence about which entity controlled employment decisions at

the Plant.  <u>See</u> <u>Amended Complaint</u> ¶ 16 ( Gonzalez alleges that during his

employment he received documents, including his termination letter, that

indicated that JBS USA employed him.).

<u>Interrogatories to Swift</u>

Gonzalez asks the Court to compel more complete responses to

Interrogatories 3-15.The Court addresses each below.

<u>Interrogatory 3</u>

Describe the process by which Defendant Swift Pork Company
notifies its employees that they are being disciplined for
violation of the attendance policy.

<u>Motion</u>, Group Exhibit 2, <u>Defendant Swift Pork Company's Answers to</u>

<u>Plaintiff's First Set of Interrogatories (Swift Interrogatory Response)</u>, 24-2 at

14 of 71.  Swift responded:

<u>Answer:</u> Swift Pork objects to this interrogatory  as vague,
overbroad,  and   unduly burdensome because it is not limited
to a relevant time period. Subject to and without waiving these
objections, see documents produced herein SWIFT00001 -
SWIFT00029; SWIFT00047 - SWIFT00053.

<u>Swift Interrogatory Response</u>, 24-2 at 14 of 71.  Swift's document

references in its responses to these Interrogatories referred Gonzalez to

Swift's written policies and Gonzalez's personnel and medical files.  <u>See</u>

<u>Opposition</u>, at 6.  The Court finds the response was sufficient.  Swift may

refer to documents produced if the burden of deriving the answer from the

documents is the same for either party.  Fed. R. Civ. P. 33(d).  Gonzalez

asks for internal procedures.  Gonzalez can read the written policies as

easily as Swift.  The reference to such documents is an appropriate

response under Rule 33(d) to this Interrogatory.  The Court will not compel

a further response.

<u>Interrogatory 4</u>

Interrogatory 4 to Swift asked:

Prior to his termination, had Plaintiff Gabriel Gonzalez been
disciplined by Defendant Swift Pork Company. If yes, please
state:
   a. The date of each disciplinary action;

   b. Whether the disciplinary action was written or oral; and

   c. What, if any, corrective action was ordered and taken for
      each disciplinary action.

<u>Swift Interrogatory Response</u>, 24-2 at 14 of 71.  Swift responded:

<u>Answer:</u>  See documents produced herein SWIFT00031 –
SWIFT00174.

<u>Swift Interrogatory Response</u>, 24-2 at 14 of 71.  The Court finds the

response was sufficient.  Either party can review personnel files to find

records of discipline.  The response was appropriate under Rule 33(d).

Gonzalez argues that the personnel file might not be complete or might not

be accurate.  Such speculation is not sufficient to require Swift to go

beyond reviewing Gonzalez's personnel file to answer this inquiry.

Gonzalez can find the information just as easily as Swift.  The Court will not

compel a further response.  If Gonzalez uncovers a factual basis to

question the accuracy of the personnel file, he may renew his request for a

more thorough response.

Interrogatory 5

Interrogatory 5 to Swift asked:

Please state, in detail, Defendant Swift Pork Company's policy
and/or procedure governing medical leave requests, including
the processing and determinations of those requests that are
submitted by its employees. If the policy and/or procedure
changed, please describe in detail when and what the
change(s) occurred.

Swift Interrogatory Response, 24-2 at 14 of 71.  Swift responded:

Answer: Swift Pork objects to this interrogatory as vague,
overbroad,  and  unduly burdensome because it is not limited to
a relevant time period. Subject to and without waiving these
objections, see documents produced herein SWIFT0000l -
SWIFT00029; SWIFT00175 - SWIFT00180.

Swift Interrogatory Response, 24-2 at 14 of 71.  The Court finds the

response was sufficient.  Either party can read Swift's policies.  The

reference to such documents is an appropriate response under Rule 33(d)

in this case.  The Court will not compel a further response.

Interrogatory 6

Interrogatory 6 to Swift asked:

If Defendant Swift Pork Company contends Plaintiff Gabriel
Gonzalez was not entitled to leave under the FMLA  for any or
all requested time including  leave(s) of absence state with
particularity all facts supporting the contention for each request
so deemed.

<u>Swift Interrogatory Response</u>, 24-2 at 15 of 71.  Swift responded:

> <u>Answer:</u> After Plaintiff submitted his FMLA paperwork, it was determined that  his absences did not qualify under the FMLA because they did not meet the criteria under the FMLA because Plaintiff did not submit adequate documentation  and did not suffer from a serious medical condition under the FMLA. See also documents produced herein SWIFT00175  -SWIFT00181; SWIFT00191 - SWIFT00199.

<u>Swift Interrogatory Response</u>, 24-2 at 15 of 71.  The Court finds the response was sufficient.  Swift stated the basis for its contention.  Swift did not just refer Gonzalez to documents. Swift should supplement this answer by the close of discovery if it intends to rely on additional evidence not otherwise produced during discovery.

<u>Interrogatory 7, 8, 9, 10, 11, and 12</u>

> Interrogatory 7 to Swift asked:

> For each FMLA request and/or medical leave request made by Plaintiff Gabriel Gonzalez between March 1, 2016 and March 30, 2016, please that the following: the date, location, the individuals and contents of each and every conversation, in writing or orally, between all employees or agents of Defendant Swift Pork Company regarding either the approval or denial of each of Plaintiff's requests and the basis for either granting or denying the requests. Identify each document that was reviewed, used and/or created during the decision making process, provide a basis for the decision, or was used in an after the fact analysis of the decision.

<u>Swift Interrogatory Response</u>, 24-2 at 15 of 71.  Interrogatory 8 to Swift asked:

Identify anyone who is an employee or agent of Defendant Swift Pork Company who communicated, in writing or orally, with Plaintiff Gabriel Gonzalez regarding his absences and/or need for FMLA or other leave between March 1, 2016 and March 30, 2016, and state when the communication occurred, the form of communication, identify who initiated the communication and why, what was communicated, and identify all of the people involved in the communication.

Swift Interrogatory Response, 24-2 at 15-16 of 71. Interrogatory 9 to Swift

asked:

Identify anyone who is an employee or agent of Defendant Swift Pork Company who communicated, in writing or orally, with any of Plaintiff Gabriel Gonzalez's health care professionals between March 1, 2016 and March 30, 2016, and state when the communication occurred, the form of communication, identify who initiated the communication and why, what was communicated, and identify all of the people involved in the communication.

Swift Interrogatory Response, 24-2 at 16 of 71. Interrogatory 10 to Swift

asked:

If Defendant Swift Pork Company contends that Plaintiff Gabriel Gonzalez failed to report to Defendant Swift Pork Company or its' agents as instructed on the status of his condition and need for a medical leave of absence, state with particularity all facts supporting the contention for each instance so deemed.

Swift Interrogatory Response, 24-2 at 16 of 71.

Interrogatory 11 to Swift asked:

If Defendant Swift Pork Company contends Plaintiff Gabriel Gonzalez did not timely give notice that leave was requested under FMLA, state with particularity the facts supporting that contention for each and every instance so deemed.

<u>Swift Interrogatory Response</u>, at 24-2 16 of 71.  Interrogatory 12 to Swift

asked:

> If Defendant Swift Pork Company contends that Plaintiff Gabriel
> Gonzalez did not provide certification or sufficient certification
> or recertification of the serious health condition he had, state
> with particularity all facts supporting the contention for each and
> every absence so deemed.

<u>Swift Interrogatory Response</u>, at 24-2 17 of 71.

> Swift responded to Interrogatory 7:
>
> <u>Answer:</u> See documents produced herein SWIFT00175 -
> SWIFT00181; SWIFT00191 - SWIFT00213.

<u>Swift Interrogatory Response</u>, 24-2 at 16 of 71.  Swift responded to

Interrogatories 8, 9, 10, 11, and 12 with the same answer:

> <u>Answer:</u>  See Answer to Interrogatory No. 7.

<u>Swift Interrogatory Response</u>, 24-2 at 16-17 of 71.  Swift did not

object to any of these interrogatories.

Swift's answers are inadequate and fail to comply with Rule 33.

According to Swift, the documents identified in Answer to Interrogatory 7

contain answers to Gonzalez's interrogatories asking for: (1) all internal

communications between Swift employees about Gonzalez's FMLA leave

requests; (2) all documents relied on or created in connection with

decisions regarding Gonzalez's leave requests; (3) all communications with

Gonzalez regarding his absences in March 2016; (4) all communications with all of Gonzalez's health care providers in March 2016; (5) all facts on which Swift relies to contend that Gonzalez failed to report his need for medical leave to Swift agents as instructed; (6) all facts on which Swift relies to contend that Gonzalez did not give timely notice of his FMLA leave requests; and (7) all facts on which Swift relies to contend that Gonzalez did not provide certification of his medical condition.  Even if the answers are true, Swift violated Rule 33(d)(1) by failing to identify the documents responsive to each of these six separate interrogatories in sufficient detail to enable Gonzalez to locate and identify the responsive documents to each interrogatory as readily as Swift could.  Gonzalez is not required to guess which documents Swift intended to relate to which interrogatory. Given Swift's inability to comply with Rule 33(d) with respect to these six interrogatories, the Court orders Swift to provide complete answers to each of these interrogatories without reference to documents, except that Swift shall identify the documents described in the last sentence of Interrogatory 7.

Interrogatory 13

Interrogatory 13 to Swift asked:

Identify any employees of Defendant Swift Pork Company at its' 8295 Arenzville Road, Beardstown, IL 62618 location who

requested medical leave(s) of absence, whether or not specified as FMLA leave, from January 2012 to the present date, and state for each employee whether his or her request was granted or denied, identify the people involved in making the decision, why the leave was granted or denied, and state whether Defendant required the employee to provide it with medical certification and whether the certification was given.

<u>Swift Interrogatory Response</u>, 24-2 at 17 of 71.  Swift responded:

> <u>Answer:</u>  Swift Pork objects to this interrogatory, pursuant to Federal Rule of Civil Procedure 26(b)(1), on the grounds that it is not relevant to the subject matter of this action nor is it proportional to the needs of the case because Plaintiff does not allege that he was treated differently than any other employee employed by Swift Pork at its 8295 Arenzville Road, Beardstown, IL 62618 location. Information related to other employee medical leaves is wholly irrelevant to this action based upon the allegations contained in Plaintiff's complaint. Swift Pork further objects to this interrogatory as overbroad and unduly burdensome because the time period specified in this interrogatory is overbroad.

<u>Swift Interrogatory Response</u>, 24-2 at 17 of 71.

The Court sustains the objection that the interrogatory is vague.  The term "medical leave(s) of absence, whether or not specified as FMLA leave" is not defined.  That term reasonably could include every time an employee took a day off sick.  If so, the interrogatory is overly broad and not proportional to the needs of the case.  Compiling a record of every time one of the 2,000 employees at the Plant took a day off sick would impose a significant burden on Swift and the result would not provide meaningful

information for any issue in the case.  Given the vagueness of the

interrogatory, the objection in sustained.

Interrogatory 14

Interrogatory 14 to Swift asked:

As to the decision to terminate Plaintiff Gabriel Gonzalez
employment:

a)      Identify each person who had input into that decision,
participated in that decision, finally made or executed that
decision, and state the role of each person (e.g.
recommended the decision, reviewed the decision, made
the decision, communicated the decision, etc.);

b)      Specify the dates of and identify the participants in any
and all discussions (verbal or written) in deciding to
terminate Plaintiff s employment;

c)      Specify each reason for terminating Plaintiff s
employment, and;

d)      Identify each document that was reviewed, used and/or
created during the  decision making process, provide a
basis for the decision, or was used in an after the fact
analysis of the decision.

Swift Interrogatory Response, 24-2 at 18 of 71.  Swift responded:

Answer: Plaintiff was terminated pursuant to Swift Pork's
attendance policy due to his accumulation of attendance points.
See documents produced herein SWIFT00047 - SWIFT00053;
SWIFT00079 - SWIFT00080; SWIFT00147 - SWIFT00149;
SWIFT00157; SWIFT00160 -SWIFT00161; SWIFT00170 -
SWIFT00174.

<u>Swift Interrogatory Response</u>, 24-2 at 18 of 71.  The Court directs Swift to provide a list of the individuals who participated in the decision to terminate Gonzalez and the role each person played.  The remainder of the response is sufficient.

<u>Interrogatory 15</u>

Interrogatory 15 to Swift asked:

List any and all employees who have been terminated since January 2012 for going over the maximum number of attendance points within a specific period, per the attendance policy and include the date of termination, the number of attendance points over the maximum attendance points and the supervisors, management or any person in a position of authority who participated in the action.

<u>Swift Interrogatory Response</u>, 24-2 at 18 of 71.  Swift states that it will provide a responsive list of terminated employees upon the entry of an appropriate protective order.  <u>Opposition</u>, at 6.  The Court notes that much of the information sought about employees other than Gonzalez should also be protected by such a protective order.  The Court directs the parties to prepare an agreed protective order for the Court's consideration.

The Court has allowed Gonzalez's motion in part.  In such cases, the Court may apportion the cost of bringing and responding to the Motion.  Fed. R. Civ. P. 37(a)(5)(C).  The Court in its discretion

determines that each party should bear its or his own expenses incurred in connection with this Motion.

THEREFORE, IT IS ORDERED that Plaintiff Gabriel Gonzalez's Motion to Compel Defendants' Discovery Responses (d/e 24) is ALLOWED in part and DENIED in part. Defendants shall provide all supplemental responses called for in this Opinion by April 5, 2019. The parties shall also provide the Court with an agreed proposed protective order for the Court's consideration by March 15, 2019.

ENTER: February 26, 2019

_s/ Tom Schanzle-Haskins_

TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE